IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-701-BO

BHASKAR KOUKUNTLA, )
        *Plaintiff*, )
)
v. ) **ORDER**
)
TOLL BROTHERS REAL )
ESTATE, INC., )
        *Defendant*. )

## BACKGROUND

This matter is before the Court on defendant's motion to dismiss plaintiff's initial complaint, [DE 11], and plaintiff's *pro se* motion for leave to amend his initial complaint, [DE 15]. Plaintiff responded in opposition to defendant's motion. [DE 14]. Defendant did not respond to plaintiff's motion. Both defendant's motion to dismiss and plaintiff's motion for leave to amend his initial complaint are now ripe for adjudication. [DE 11, 15]. For the following reasons, the Court will grant plaintiff's motion for leave to amend his initial complaint, [DE 15], and deny defendant's motion to dismiss plaintiff's initial complaint as moot [DE 11].

## DISCUSSION

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases," Rule 15(a)(2) permits "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

In the instant matter, plaintiff filed his initial complaint on December 7, 2023. [DE 1]. On January 31, 2024, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. [DE 11]. On February 23, 2024, plaintiff filed both a response in opposition to defendant's motion [DE 14] and a motion seeking leave of the Court to file an amended complaint, [DE 15]. Defendant did not file a response to plaintiff's motion. Because plaintiff filed his motion more than 21 days following defendant's 12(b) motion, the Court must determine whether it should afford plaintiff leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

While "the grant or denial of an opportunity to amend is within the discretion of the District Court," *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)), Rule 15(a)(2) encourages the Court to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)); *see also Foman*, 371 U.S. at 182 (explaining how the "Rule 15(a) . . . mandate is to be heeded").

Upon review of the record, the Court finds no evidence that plaintiff, who is appearing *pro se*, acted in bad faith when filing his motion for leave to amend his complaint. [DE 14, 15]. The Court further finds no record evidence indicating that affording plaintiff leave to amend his complaint would prejudice defendant or be futile. [DE 14, 15]. *See Nourison Rug. Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). As such, the Court will grant plaintiff leave to file his amended complaint pursuant to Rule 15(a)(2). [DE 15]. *See* Fed. R. Civ. P. 15(a)(2).

Case 5:23-cv-00701-BO-RJ   Document 16   Filed 06/28/24   Page 2 of 3

Because a party's amended pleading supersedes the original, *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001), any "motions directed at the superseded pleading are [generally] to be denied as moot." *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004)). *See, e.g., Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (recognizing how an "amended complaint supersedes the original one . . . [and] renders the original complaint 'of no effect'"). Consequently, the Court finds that defendant's motion to dismiss plaintiff's initial complaint is now moot. *See, e.g., Fawzy*, 873 F.3d at 455; *Hall*, 2011 WL 4014315, at *1.

## CONCLUSION

For the foregoing reasons, the Court orders that plaintiff's motion for leave to amend his complaint [DE 15] be GRANTED. The Clerk is DIRECTED to file the Amended Complaint. [DE 15-1, 15-2]. Further, the Court orders that defendant's motion to dismiss plaintiff's initial complaint [DE 11] be DENIED AS MOOT.

SO ORDERED, this __27__ day of June, 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE