IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:23-cv-701-BO

BHASKAR KOUKUNTLA )
)
    Plaintiff, )
)
          v. ) **PROTECTIVE ORDER**
)
TOLL BROS., INC., )
)
    Defendant. )
_____)

**THIS MATTER** is before the Court upon the Defendant's Motion for Protective Order seeking a protective order to adequately protect material entitled to be kept confidential, expedite the flow of discovery, and facilitate the discovery and disclosure of confidential business, financial, and other information in this action.

**THE COURT**, having considered the Motion and other appropriate matters of record, hereby **GRANTS** the Motion.

**THEREFORE, IT IS ORDERED**, for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following terms and conditions shall govern the discovery, disclosure, and use of documents, information, and tangible things in this litigation:

    1.    <u>Confidential Information.</u> This Order applies to all Confidential Information. "Confidential Information" means any and all documents, information, or things that a party or third party has designated "CONFIDENTIAL" pursuant to this Order, except to the extent the designating party rescinds such designation or the Court determines that such designation is not proper.

2. It is the duty of any party or third party seeking protection under this Order to give notice that it believes a document, information, or thing constitutes Confidential Information by designating it "CONFIDENTIAL" in the manner set forth below. The duties of other parties and persons bound by this Order with respect to use and disclosure of Confidential Information arise only when such notice is given or as otherwise provided in Paragraph 4.

3. This Order binds each named party, including its officers, directors, members, managers, employees, representatives, and agents who receive Confidential Information in connection with this litigation, and each non-party who receives Confidential Information in connection with this litigation.

4. Designation. A party or non-party seeking to protect information under this Order must designate such information "CONFIDENTIAL." A party may designate a document, information, or thing "CONFIDENTIAL" only if that party believes in good faith that the document, information, or thing constitutes or contains confidential business, financial, personnel, or personal information. A third party responding to a subpoena may designate a document, information, or thing it produces or permits inspection and copying of "CONFIDENTIAL" if such third party believes in good faith that the document, information, or thing constitutes or contains confidential business, financial, personnel, or personal information. Documents, information, and things may be designated "CONFIDENTIAL" as follows:

a. Documents: A party or recipient of a subpoena may designate a document or portion of a document "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on each page so designated. A party may designate electronically stored information produced in native format "CONFIDENTIAL" by (i) including the word "CONFIDENTIAL" in the filename of each file

so designated, (ii) segregating the information so designated into folders or other distinct storage containers that are clearly named and/or labeled "CONFIDENTIAL," or (iii) any other method the parties agree to in writing for designating such information "CONFIDENTIAL."

b. Third-party discovery: Documents, information, and tangible things a party obtains by subpoena shall be served on all other parties within ten (10) days of receipt and shall be deemed Confidential Information from the time the subpoenaing party first receives them until fourteen (14) days after they have been served on all other parties. Any party may designate such documents, information, and tangible things "CONFIDENTIAL" during the fourteen-day period described above. Any document, information, or tangible thing not designated "CONFIDENTIAL" by the third-party recipient of the subpoena or designated "CONFIDENTIAL" by a party prior to the expiration of the fourteen-day period described above shall cease to be deemed Confidential Information once such period expires.

c. Deposition testimony: Any party may designate deposition testimony "CONFIDENTIAL" on the record during a deposition. Following a deposition, any party may designate testimony from the deposition "CONFIDENTIAL" within 30 days after receiving the deposition transcript (the earliest date of receipt, whether of a rough, draft, emailed, final or other transcript) by informing all other parties in writing of the portions of the transcript (identified specifically by page and line) and/or exhibits that it designates "CONFIDENTIAL." The entire deposition transcript shall be deemed Confidential Information for forty-five (45) days after the date of receipt of the deposition transcript unless all parties have either made written designations or stated in writing that they do not intend to designate any portion of the transcript "CONFIDENTIAL." Notwithstanding this provision and the other provisions in this Order, deponents may review the transcripts of their own depositions. Any deposition testimony not

designated "CONFIDENTIAL" within the forty-five-day period described above shall cease to be deemed Confidential Information once such period expires.

d. In the event that the methods of designating documents, information, and things "CONFIDENTIAL" described above prove infeasible with respect to a specific category or type of document, information, or thing, the parties may agree in writing to an alternate method for designating such documents, information, or things "CONFIDENTIAL," and designations made pursuant to such written agreement will have the same effect as designations made pursuant to the methods described above.

5. <u>Failure to Designate</u>. A party's failure to designate documents, information, or things as "CONFIDENTIAL" upon production or within the time limits applicable to deposition transcripts and subpoenaed materials does not waive the opportunity to make such designation under this Order, but the protections applicable to Confidential Information under this Order only apply after such designation is made or as otherwise provided in Paragraph 4.

6. <u>Use and Disclosure of Confidential Information</u>. All Confidential Information, including any copies or summaries thereof, shall be used solely for the prosecution or defense of this litigation, except as permitted by Paragraph 8. Confidential Information shall be disclosed only to:

a. Outside counsel for the parties;

b. In-house counsel for the parties who are actively involved in assisting with or managing the prosecution or defense of this action;

c. If the parties are individuals, the parties, and if they are limited liability companies or corporations, officers, directors, members, managers, or employees of the parties who are actively involved in assisting with or managing the prosecution or defense of this action;

d. The Court and those associated with or employed by the Court whose duties require access to Confidential Information;

e. Mediators selected by the parties and/or by the Court;

f. The author of a document, each recipient of a document who is specifically identified as a recipient on the face of the document or by other materials (e.g., a cover email), and any other persons whom counsel reasonably believes authored, received or has already seen such document (whether or not so identified on the face of the document);

g. The officer taking, reporting, or videotaping a deposition and those employed by such officer to prepare a transcript or videotape of the deposition; and

h. Any other person with the written consent of the designating party. Confidential Information shall not be given, shown, made available, discussed, or communicated in any manner, directly or indirectly, to any person not authorized to receive Confidential Information under this Order. If any Confidential Information is disclosed to any person not authorized to receive Confidential Information under this Order, the person responsible for the disclosure must promptly bring all pertinent facts related to such disclosure to the attention of counsel for the designating party and take all reasonable steps to prevent further disclosure or dissemination of such Confidential Information.

7. <u>Use and Disclosure of Confidential Information Requiring Written Acknowledgment</u>. Confidential Information may be disclosed to the following individuals to be used solely for the prosecution or defense of this litigation and only on the condition that they first agree in writing, using the form attached hereto as Exhibit A (a "Confidentiality Acknowledgment"), that they and any staff or contract support personnel employed or retained by them will strictly adhere to the terms of this Order:

a. Consultants and consulting or testifying experts retained by a party or its counsel in connection with this litigation;

b. Jury or trial consulting service providers and participants in mock jury exercises;

c. Graphics or design service providers retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

d. A deponent in preparation for, or during the course of, his or her deposition; and

e. Former officers, directors, members, managers, or employees of the parties who were involved in the matters at issue in this case and whose input is reasonably necessary for the prosecution or defense of this action;

f. Any other person upon order of the Court or upon prior written consent of the parties. Counsel for a party that discloses Confidential Information pursuant to this paragraph is responsible for maintaining all Confidentiality Acknowledgments that party obtains with respect to such disclosures for one year following the final conclusion of this action, including any appeals. If Confidential Information is disclosed during the deposition of a non-expert witness, the witness (and the witness's counsel, if the witness is a non-party) shall be prohibited from disclosing such Confidential Information to others or otherwise making any use of such information other than in connection with this litigation. To clarify the relationship of sections 6 and 7, a Confidentiality Acknowledgement is not required under this Section 7 for any person within a category identified in Section 6 above.

8. <u>Limitations on Confidential Information</u>. Nothing in this Order shall prevent a party from using or disclosing its own documents, information, and things as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons

subject to this Order. Nothing in this Order shall prevent a party from using or disclosing documents, information, and things that it can establish that it rightfully knew prior to discovery in this matter or that become public through no act of such party or anyone to whom such party has disclosed such documents, information, or things. Nevertheless, any party may at any time designate any corporate records as Confidential regardless of how or when the documents are produced.

9. Objections to Designations. A party may at any time request in writing that another party rescind the designation of documents, information, or things as "CONFIDENTIAL." A Party that elects to challenge the designation of documents, information, or things as "CONFIDENTIAL" must do so in good faith and the parties shall confer directly (in voice-to-voice or face-to-face dialogue) about the designating party's reasons for making the designation and the objecting party's reasons for challenging such designation. If the parties are unable to reach agreement on whether the designation is proper, any party may raise the issue with the Court. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file a motion. In such instances, the designating party will bear the burden of establishing that the challenged documents, information, or things are entitled to protection as Confidential Information under this Order. Notwithstanding any such dispute, the challenged documents, information, and things shall remain Confidential Information subject to protection under this Order unless and until the designating party rescinds such designation or the Court determines that such designation is not proper.

10. Filing Under Seal. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, parties shall confer with the party that produced the

information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with then-current Local Civil Rule 79.2, EDNC and Section V.G of the CM/ECF Policy Manual, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Except as otherwise required by Local Civil Rule 79.2 or Section V.G of the CM/ECF Policy Manual, within 7 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court. A public version of the brief or affidavit containing or attaching Confidential Information with said Confidential Information having been redacted shall be filed with the Clerk with a notation made on the cover sheet and the first page of the brief or affidavit that certain pages of the brief or affidavit are filed under seal, subject to this Confidentiality Order, and have been deleted from the public version of the document.

11. <u>Court Proceedings</u>. If any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

12. Nothing in this Order shall prohibit disclosure of a document which has been designated Confidential Information to the author of such document or any person(s) who received such document.

13. <u>Privileged Information</u>. No party intends to produce documents or disclose information that is protected by the attorney-client privilege or the work product doctrine. An inadvertent production of such documents shall not constitute a waiver of the attorney-client privilege or work-product protection. In the event that such documents are produced, the producing party may request their return from any parties who received such documents, and the receiving parties must immediately cease using such documents and within five (5) business days return or destroy all copies of such documents and any documents paraphrasing, summarizing, referencing, or otherwise using such documents.

14. <u>No Waiver</u>. No designation under this Order or failure to challenge any designation made by another party under this Order shall be construed as or deemed an admission or agreement that any specific information is or is not confidential, proprietary, or a trade secret; or is or is not subject to discovery; or is or is not admissible in evidence.

15. <u>Termination of Litigation</u>. Within thirty (30) days of the final conclusion of this action, including any appeals, all Confidential Information received in discovery in this action, and all copies thereof, shall be destroyed by all parties other than the designating party, except that counsel for each party is entitled to keep copies of pleadings, court filings, discovery, and

correspondence, and any attachments or exhibits thereto, including Confidential Information, used in this litigation in a secure storage area subject to the terms of this Order. Upon request from the designating party, any other party shall confirm such destruction in writing to the designating party within five (5) business days.

16. <u>Continuing Effect</u>. The provisions of this Order that restrict the disclosure and use of Confidential Information shall continue to be binding after the conclusion of this action and the Court shall retain jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed to enforce the terms of this Order and redress any violation thereof.

17. <u>Notice</u>. If a court, administrative agency, or any other person subpoenas or orders production of documents, information, or things designated "CONFIDENTIAL" under the terms of this Order, the party subject to such subpoena or order shall immediately notify the designating party of the existence of such subpoena or order, shall object to such production on the basis of this Order, and shall use its best efforts to afford the designating party an opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of such documents, information, or things.

18. <u>Right to Request or Agree Upon Additional Protection</u>. Nothing in this Order abridges the right of any person to seek additional protection of documents from the Court or to agree upon additional protection of documents with any other person. The Parties specifically agree that they may seek or request additional protection of documents from the Court or the Parties upon a showing of good cause provided the efforts to seek or request additional protection are made in good faith and without the intent to harass or annoy a Party or to delay discovery.

19. <u>Additional Parties or Attorneys</u>. In the event additional parties or attorneys join or are joined in this action, they will be bound by this Order.

20. This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

21. The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as Confidential Information; shall use their best efforts to act in good faith to separate out and segregate documents, things and other material containing Confidential Information from those that do not contain Confidential Information; shall use their best efforts to act in good faith to limit the number of persons to whom Confidential Information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

SO ORDERED, this __14__ day of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:23-cv-701-BO

BHASKAR KOUKUNTLA )
)
    Plaintiff, )
)
v. ) **PROTECTIVE ORDER**
)
TOLL BROS., INC., )
)
    Defendant. )
_____ )

    I, _____ hereby acknowledge that I have received a copy of the Protective Order entered in the above-captioned matter. I have read and agree to be bound by all of the provisions of the Protective Order. I agree (a) not to divulge any Confidential Information to any other person; and (b) not to use any Confidential Information for any purpose other than this litigation. I also agree to return all Confidential Information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to penalties for contempt of Court.

        Printed Name: _____

        Signature: _____

        Date: _____

Page 13

Case 5:23-cv-00701-BO-RJ   Document 130   Filed 02/14/25   Page 13 of 13