IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-701-BO

| | |
|---|---|
| BHASKAR KOUKUNTLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TOLL BROS., INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's motion to amend the amended complaint, [DE-30]; second motion to amend, [DE-39], and motion for leave to supplement, [DE-72]; third motion to amend, [DE-65], and motions for leave to supplement, [DE-97, -117]; fourth motion to amend, [DE-77], and motion for leave to supplement, [DE-78]; fifth motion to amend, [DE-86], and motions for leave to supplement, [DE-98, -116]; and sixth motion to amend, [DE-110]. The motions have been fully briefed and are referred to the undersigned for decision.[1] For the reasons that follow, the first motion to amend the amended complaint, [DE-30], is allowed; the second motion to amend, [DE-39], is allowed in part and denied in part, and the motion for leave to supplement the second motion to amend, [DE-72], is denied; the third motion to amend, [DE-65], and the first and second motions for leave to supplement the third motion to amend, [DE-97, -117], are denied; the fourth motion to amend, [DE-77], is denied, and the motion for leave to supplement, [DE-78] is allowed; the fifth motion to amend, [DE-86], and motions for leave to supplement the

---

[1] *Lohrenz v. Bragg Cmtys., LLC*, No. 5:22-CV-00044-M, 2023 WL 3012006, at *1 n.1 (E.D.N.C. Mar. 31, 2023) ("[M]otions seeking to amend a pleading are among those non-dispositive matters that a magistrate judge can directly decide.") (citations omitted).

fifth motion to amend, [DE-98, -116], are denied; and the sixth motion to amend, [DE-110], is denied.

## I. Background

Plaintiff initially filed this action against Toll Brothers Real Estate, Inc., alleging employment discrimination for failure to hire on the basis of race, color, religion, national origin, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). [DE-1]. Defendant filed a motion to dismiss asserting, *inter alia*, that Plaintiff named the incorrect legal entity as the defendant and that Toll Bros. Inc. was the entity to which Plaintiff applied for employment. [DE-12]. Plaintiff thereafter moved unopposed to amend the complaint to name Toll Bros., Inc. ("Toll Bros.") as the sole defendant. [DE-17]. After Toll Bros. filed its answer, [DE-19], the parties conducted the discovery conference and filed a Rule 26(f) report, [DE-24], and the court entered a Scheduling Order, [DE-25]. After the parties exchanged initial disclosures and began discovery, Plaintiff filed six motions to amend the complaint seeking to add both new defendants and new claims. The parties have also filed numerous discovery motions and sanctions motions that will be addressed by separate orders.

## II. Standard of Review

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, as applicable here, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ.

P. 15(a)(2). In making a Rule 15(a) determination, the following standard is to be employed by the court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, as a general rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and citation omitted). Whether to grant leave to amend a complaint or answer is committed to the sound discretion of the trial court. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

### III. Discussion

According to the Amended Complaint, Plaintiff purchased a home from Toll Bros. in 2017, and despite several delays in construction, Plaintiff and Toll Bros. had a good relationship. [DE-17-1] at 1. On June 16, 2023, Plaintiff applied for the job of Associate Sales Consultant with Toll Bros. in the Raleigh, North Carolina Division, and reached out to Ted Pease (Division President), who had assisted Plaintiff with his prior home purchase delay problems, to ask for an opportunity to interview for the position. *Id.* at 1–2. Pease was initially skeptical because Plaintiff had purchased another home in Texas from Toll Bros. that was under construction, and Pease believed that could present a conflict of interest. *Id.* at 1. Pease also indicated the position was for someone who would "grow in that sales career," but ultimately Pease agreed to recuse himself from the

3

hiring decision and allow Human Resources ("HR") to handle Plaintiff's application. *Id.* Plaintiff was contacted by HR and scheduled an interview with Nicole Feehely on June 27, during which Feehely only asked about Plaintiff's children and whether he attended religious services on Sundays. *Id.* at 2. Plaintiff was told during the interview that "due to his excellent performance and experience that he was the best candidate for the job," but received notice by mail on July 14 that he was not hired for the position. *Id.* Feehely also stated in the notice letter that she enjoyed meeting with Plaintiff and would reach out if another opportunity became available in Raleigh, but another position was later advertised, and Plaintiff was not contacted. *Id.* Plaintiff alleged that despite his qualifications, accomplishments, and licensure, he was not hired and unfairly discriminated against on the basis of nationality, religion, color, and age and retaliated against for complaining to management during the construction of his home in 2017–18. *Id.* Plaintiff seeks damages for lost income and benefits of employment, emotional distress, and punitive damages. *Id.* at 3.

Plaintiff has filed six motions to amend seeking to add new claims for (1) § 1981 discrimination, (2) Title VII and § 1981 retaliation, (3) § 1985(3) discrimination and retaliation, and (4) N.C. Gen. Stat. § 75-1.1 unfair and deceptive trade practices, and to add as new defendants (1) Toll Brothers, Inc. and all related entities, (2) defense counsel and their law firm, and (3) Edward Pease and Nicole Feehely.

### a. § 1981 Discrimination Claim

In the first motion to amend, [DE-30], Plaintiff seeks to add a claim under 42 U.S.C. § 1981 for racial discrimination in employment contracts, [DE-30] & [DE-30-2] at 3, and Toll Bros. did not oppose this proposed amendment.

4

Section 1981 provides a cause of action against private parties who deprive others of the power to make and enforce contracts based on race, including employment contracts. *Benjamin v. Sparks*, 173 F. Supp. 3d 272, 282 (E.D.N.C. 2016) (citing 42 U.S.C. § 1981; *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975)). To violate the statute, a defendant's actions must be both purposeful and racially discriminatory. *Id.* (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 & n.7 (4th Cir. 2002); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018–19 (4th Cir. 1999); *Pearsall v. Child Advoc. Comm'n of Lower Cape Fear, Inc.*, No. 7:98-CV-200-BR, 2000 WL 33682693, at *6–7 (E.D.N.C. Feb. 15, 2000)). The elements of a § 1981 retaliation claim are substantially identical to the elements of a Title VII retaliation claim. *See Benjamin*, 173 F. Supp. 3d at 286 (citing *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281–84 (4th Cir. 2015); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–70 (2006); *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007); *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004); *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)). Allowing Plaintiff to amend the complaint to assert a § 1981 discrimination claim would not prejudice Toll Bros., there is no evidence of bad faith on the part of the Plaintiff, and amendment is not futile. Accordingly, the first motion to amend, [DE-30], is allowed as to the § 1981 discrimination claim.

### b. § Title VII and § 1981 Retaliation Claims

In the first and second motions to amend, [DE-30, -39], Plaintiff seeks to add retaliation claims under Title VII and § 1981 based on facts learned from Toll Bros.'s initial disclosures. [DE-30]; [DE-30-2] at 3; [DE-39-10] at 3. Toll Bros. argues that the retaliation claims are futile for failure to allege that Plaintiff engaged in protected activity. [DE-49] at 6.

5

A Title VII retaliation claim requires that a plaintiff allege that they "[1] engaged in protected activity, [2] that [their] employer took an adverse employment action against [them], and that [3] there was a causal link between those events." *Neil v. Warren Cnty. Sch.*, No. 5:20-CV-595-FL, 2022 WL 4467671, at *4 (E.D.N.C. Sept. 26, 2022) (quoting *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018)). The elements of a Title VII and a § 1981 retaliation claim are identical. *See Futrell v. Blanton's Air, Plumbing & Elec., LLC*, No. 5:23-CV-739, 2024 WL 3852132, at *2 n.2 (E.D.N.C. Aug. 16, 2024) (addressing Title VII and §1981 claims together because the elements are the same) (citing *Bryant*, 288 F.3d at 133 n.7).

In the second and third proposed amended complaints, Plaintiff alleges that Toll Bros. retaliated against him "for his 2017 complaint regarding home construction delays, and this retaliation negatively impacted his candidacy for the roles." [DE-30-2] at 3; *see also* [DE-39-10] at 3. Title VII prohibits an employer from retaliating against an employee "because he has opposed" an unlawful employment practice "or because he has made a charge, testified, assisted, or participated . . . in an investigation, proceeding, or hearing" under Title VII. *Trawick v. Invs. Title Ins. Co.*, No. 5:22-CV-270-FL, 2023 WL 3467749, at *4 (E.D.N.C. May 15, 2023) (quoting 42 U.S.C. § 2000(e)(3)(a)). Plaintiff's complaints about home construction delays in 2017 are not "protected activity" for purposes of Title VII or § 1981. However, in Plaintiff's reply in support of the second motion to amend, Plaintiff argues that after he filed an EEOC complaint, he was not interviewed for a second posted position and that his access to the employment portal was blocked, which constitutes "protected activity." [DE-57] at 2, 4. Filing an EEOC charge constitutes protected activity. *Thomas v. City of Annapolis, Md.*, 851 F. App'x 341, 350 (4th Cir. 2021). However, a party may not amend a pleading through briefing and these factual allegations are not included in the proposed amended complaint. *See S. Walk at Broadlands Homeowner's Ass'n,*

6

*Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). Notwithstanding, given Plaintiff's *pro se* status, it is appropriate to allow him an opportunity to amend his complaint to include these factual allegations in order to develop his potentially meritorious retaliation claims. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (recognizing that *pro se* litigants have an "untutored hand requiring special judicial solicitude" and saying that *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties"); *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.1978) (a *pro se* litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action). Accordingly, the first and second motions to amend, [DE-30, -39], are allowed as to the Title VII and § 1981 retaliation claims.

### c. § 1985(3) Equal Protection and Retaliation Claims

In the second motion to amend, [DE-39], Plaintiff seeks to add claims under § 1985 for conspiracy to deny equal protection and retaliation. [DE-39] at 2; [DE-39-10] at 3 ¶ 3–4. Plaintiff's proposed third amended complaint alleges that Pease, HR, and other key personnel conspired to deny Plaintiff equal protection, ultimately hired a less qualified individual who did not meet the North Carolina licensure requirements for the Associate Sales Consultant position, and the conspiracy was motivated by discriminatory animus and in retaliation for Plaintiff's 2017 home construction delay complaints. [DE-30-10] at 2–3. Toll Bros. contends that the § 1985(3) equal protection and retaliation claims are futile because (1) Toll Bros. is not a state actor, (2) § 1985(3) is not available to remedy a deprivation of rights created by Title VII, (3) the actions of an employer and its representatives cannot constitute a conspiracy for purposes of § 1985(3), and (4) Plaintiff has not alleged "protected activity" for purposes of § 1985. [DE-49] at 4–5. Plaintiff

7

argues that § 1985(3) can apply to private conspiracies with discriminatory intent, the intra-corporate conspiracy doctrine exception applies, and the retaliation claims are not futile. [DE-57] at 2–4.

Section 1985(3) prohibits "two or more persons" from conspiring "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). To establish a claim pursuant to 42 U.S.C. § 1985(3), a showing of discriminatory treatment is required. *See Horowitz v. Sherman*, No. CV DKC 19-2459, 2020 WL 2319113, at *5–6 (D. Md. May 11, 2020) ("To state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.") (quoting *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011)).

Plaintiff's complaint is one for employment discrimination, and because Title VII and the ADEA provide comprehensive remedies, no cause of action is available under § 1983(5). *See Randle v. Historic Columbia Found.*, No. CIVA 3:05-2581 CMCJR, 2006 WL 2037488, at *4 (D.S.C. July 18, 2006) ("An alleged deprivation of a right created by Title VII cannot be the basis of a claim under § 1985(3).") (citing *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366 (1979)). The basis for Plaintiff's § 1985(3) claim is a conspiracy motivated by discriminatory animus to "exclude Plaintiff, a more qualified candidate, from fair consideration from employment . . . ." [DE-39-10] at 3 ¶ 4. The rights Plaintiff asserts are protected by Title VII and the ADEA, and therefore a § 1983(5) claim would be subject to dismissal and is futile.

8

*See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 3036548, at *13 (E.D.N.C. June 5, 2020) (concluding the "deprivation of a right created by Title VII cannot form the basis for a cause of action under § 1985(3).") (citations omitted). Accordingly, the second motion to amend, [DE-39], is denied as to the § 1985(3) claims, and the motion for leave to file a supplemental memorandum related to the § 1985(3) claims, [DE-72], is denied.

### d. N.C. Gen. Stat. § 75-1.1

In the fourth motion to amend, [DE-77], Plaintiff seeks to add a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 ("UDTPA"), to address "newly discovered retaliatory conduct by Defendants, which directly related to the existing claims of discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1985(3)." [DE-77] at 1. Plaintiff contends that he subscribed to Toll Bros.'s VIP Interest List but did not receive updates regarding homes available for purchase, because his access was blocked in retaliation for filing this action, while other subscribers continued to receive updates. [DE-77-4] at 3–5. As a result, Plaintiff alleges that he lost an opportunity to purchase a lot with significant potential for appreciation and that he was unable to update a real estate client regarding available properties, which resulted in lost commissions. *Id.* at 4. Toll Bros. did not respond to the motion.[2]

> UDTPA claims require a plaintiff to prove: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 71–72, 653 S.E.2d 393, 399 (2007) (quotation omitted). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. A practice is deceptive if it has the capacity or tendency to deceive." Id. at 72, 653 S.E.2d at 399 (cleaned up). "[I]t is not necessary for the plaintiff to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception, but plaintiff must show that the acts complained of possessed the tendency or capacity to mislead, or

---

[2] In response to the fifth motion to amend, Toll Bros. acknowledged Plaintiff's motion to add a UDTPA claim and stated that it had "objected to all of Plaintiff's meritless attempts to amend the *Amended Complaint* on the basis that the amendments are futile and fail as a matter of law." [DE-94] at 3 (citing [DE- 49, -62, -71).

9

created the likelihood of deception." Gress v. Rowboat Co., Inc., 190 N.C. App. 773, 776, 661 S.E.2d 278, 281 (2008) (alteration and quotation omitted); see Overstreet v. Brookland, Inc., 52 N.C. App. 444, 452–53, 279 S.E.2d 1, 7 (1981). Whether an act or practice is unfair or deceptive is a question of law for the court. See, e.g., Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000).

*Draughon v. Smith*, No. 7:21-CV-00101-D, 2021 WL 4927981, at *8 (E.D.N.C. Oct. 21, 2021). As a general rule, the UDTPA does not apply to employment disputes absent a showing of "business related conduct that is unlawful or of deceptive acts that affect commerce beyond the employment relationship." *NuVasive, Inc. v. Kormanis*, No. 1:18-CV-282, 2019 WL 9654846, at *2 (M.D.N.C. Mar. 26, 2019) (quoting *Gress*, 190 N.C. App. at 776); *see also Williams v. Imeni*, No. 5:16-CV-516-FL, 2017 WL 2266849, at *5 (E.D.N.C. May 23, 2017).

Here, the allegations extend to the parties' post-employment dispute relationship as a seller and a potential buyer of homes/licensed realtor. However, not every instance of unfairness is actionable under the UDTPA. The alleged removal of Plaintiff from the email distribution list does not offend public policy or rise to the level unethical or unscrupulous conduct. *See Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001) ("A practice is unfair if it is unethical or unscrupulous[,] . . . . Moreover, '[s]ome type of *egregious* or *aggravating* circumstances must be alleged and proved before the [Act's] provisions may [take effect].'") (quoting *Allied Distribs., Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993)); *see also Richards v. PHH Mortg. Corp.*, No. 1:19CV759, 2020 WL 1234634, at *10 (M.D.N.C. Mar. 13, 2020) (finding that actions may have been unfair but did not rise to the level of "unethical or unscrupulous"). Accordingly, the fourth motion to amend, [DE-77], is denied as futile, and the motion for leave to supplement, [DE-78], filed contemporaneously with the motion to amend, is allowed because it seeks to add newly discovered factual allegations relevant to the § 1981 claims.

10

### e. Toll Brothers Entities

In the third motion to amend, [DE-65], Plaintiff seeks to add Toll Brothers, Inc. as a defendant, and in the fourth motion to amend, [DE-77], Plaintiff seeks to add "Toll Brothers, Inc., et al.," which is purported "to include all relevant subsidiaries implicated in the discriminatory and retaliatory conduct," *id.* at 4. Plaintiff contends that evidence obtained in discovery indicates that Toll Brothers, Inc., Toll Brothers Real Estate, and Toll Bros., Inc. "played an operational role in the discriminatory hiring processes and retaliatory actions detailed in Plaintiff's claims." *Id.* Plaintiff also filed a first and second motion for leave to supplement the third motion to amend with additional facts regarding his claim that the additional entities should be named as defendants. [DE-97, -117]. In response, Toll Bros. contends that the motion to add the additional entities should be denied because Toll Bros. made the employment decision at issue and the other defendants are not involved in Plaintiff's allegations. [DE-94] at 10.

Plaintiff initially filed this action against Toll Brothers Real Estate, Inc., alleging employment discrimination. [DE-1]. That defendant filed a motion to dismiss asserting, *inter alia*, that Plaintiff named the incorrect legal entity as the defendant and that Toll Bros. was the entity to which Plaintiff applied for employment. [DE-12] at 7. Nicole Feehely, an Area Sales Manager, Raleigh Division, with Toll Bros., provided a declaration, pursuant to 28 U.S.C. § 1746, stating that the position of Associate Sales Consultant, for which Plaintiff applied, was with Toll Bros., not Toll Brothers Real Estate Inc., and that Toll Bros. made the decision not to hire Plaintiff. [DE-12-1]. Plaintiff thereafter moved unopposed to amend the complaint to name Toll Bros. as the sole defendant, [DE-17]. It appears that Plaintiff now seeks to pursue veil piercing to impose liability on Toll Brothers, Inc. or Toll Brothers Real Estate, Inc. for the conduct of Toll Bros.

> In North Carolina, the legal test to pierce the corporate veil is known as the "instrumentality rule." *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326 (1985). To prevail under the instrumentality rule, the plaintiff must show that the corporation is a mere instrument or tool for the entity which exercises actual control. *Landress*, 243 F.Supp.3d at 649. But control, by itself, is not enough; there must be domination of finances and business practices so complete that it renders the corporation devoid of any separate mind or will or existence. *Green*, 367 N.C. at 146, 749 S.E.2d 262. "Factors that may justify piercing the veil include 'inadequate capitalization, noncompliance with corporate formalities, lack of separate corporate identity, excessive fragmentation, siphoning of funds by the dominant shareholder, nonfunctioning officers and directors, and absence of corporate records.'" *Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp.*, 2017 NCBC LEXIS 27, at * 12–13 (N.C. Super. Ct. Mar. 27, 2017) (quoting *Green*, 367 N.C. at 145, 749 S.E.2d 262).

*GB Grp., LLC v. Bulldog Nat'l Risk Retention Grp., Inc.*, No. 5:23-CV-00029-BO, 2023 WL 9514088, at *5 (E.D.N.C. Dec. 27, 2023).

Plaintiff's "evidence" to support veil piercing includes a phone call in which counsel for Toll Bros. stated that she represented "Toll Brothers," that Toll Brothers, Inc. exercised control over hiring and that commission structures were tied to Toll Brothers Real Estate, that the corporate entities share management/employees, that Toll Brothers, Inc. is the parent of Toll Bros., and that the entities utilize unified branding as Toll Brothers. [DE-65, -97, -117]. These allegations fail to plausibly support the addition of Toll Brothers, Inc. or Toll Brothers Real Estate, Inc. as defendants. "[C]ommon ownership and management, without more, do not equate to the kind of complete domination needed to show that one entity is another's puppet." *GB Grp., LLC*, 2023 WL 9514088, at *5 (citing *Johnson v. Cricket Council USA, Inc.*, 658 F. Supp. 3d 276, 285 (E.D.N.C. 2023) (concluding allegations of ownership and control not sufficient to show complete domination)). Plaintiff's allegations are speculative and lack indicia of the domination courts have relied on in allowing a veil-piercing theory of liability to proceed. *Id.* at *6 (finding conclusory allegations and bald assertions inadequate to support veil piercing where complaint failed to allege

12

specific facts regarding inadequate capitalization or failure to respect corporate formalities). Accordingly, the third and fourth motions to amend, [DE-65, -77], to add additional entity defendants are denied as futile, and the first and second motion for leave to supplement the third motion to amend, [DE-97, -117], are denied.

### f. Attorney Defendants

In the fifth motion to amend, [DE-86], Plaintiff seeks to add Toll Bros.'s attorneys and their law firm as defendants for "independent, actionable misconduct" and to stay their representation of Toll Bros. due to a conflict of interest. [DE-86] at 1. Plaintiff also seeks leave to file a first and second supplement to the fifth motion after receiving a letter from counsel threatening sanctions and after the filing of an amended financial disclosure. [DE-98, -116].

The court has reviewed Plaintiff's "Misdeed Ticker" and finds that it provides no evidence of misconduct on the part of defense counsel or their law firm. For example, the "dual employment evidence" Plaintiff outlines, [DE-86-5] at 3–4, discussed above with respect to veil piercing, simply does not demonstrate that the Feehely Declaration is false. Plaintiff also accuses counsel of issuing retaliatory subpoenas and using procedural delays and evasive discovery tactics to exploit Plaintiff's *pro se* status. *Id.* at 5–13. Many of these issues appear to relate to run-of-the-mill discovery disputes that are the subject of discovery motions, which will be addressed by separate order, and the court finds nothing improper or outside the normal conduct of litigation in counsel's alleged actions. Furthermore, as for the letter threatening sanctions, as stated in the letter, Toll Bros. was required to provide Plaintiff with notice of its intent to seek Rule 11 sanctions prior to filing such a motion. [DE-98-1]; Fed. R. Civ. P. 11; *see Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. CV ELH-21-328, 2022 WL 657565, at *4 (D. Md. Mar. 4, 2022) ("Rule 11's 'safe harbor' provision requires the party seeking sanctions to provide his adversary with notice

13

and an opportunity to withdraw the offensive pleading prior to filing a motion for sanctions with the court.") (citing *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 388–89 (4th Cir. 2004)). Finally, the amended financial disclosure does not demonstrate any misrepresentation. The first financial disclosure was for Toll Brothers Real Estate, Inc., the original defendant. [DE-7]. The amended financial disclosure was for the substituted defendant, Toll Bros., Inc. [DE-106]. There is nothing contradictory or misleading in these filings where they are for two different entities.

Plaintiff has failed to allege any facts that would state a plausible claim against defense counsel and their firm, and it would be futile to add them as defendants in this action. Accordingly, the fifth motion to amend, [DE-86], is denied, and the motions to supplement, [DE-98, -116] are denied.

### g. Pease and Feehely

In the sixth motion to amend, [DE-110], Plaintiff seeks to add Pease and Feehely as conspirators in the allegedly discriminatory hiring process and for submitting false affidavits and declarations to the court. Toll Bros. objected to the motion. [DE-99, -123].

While there is no liability for individuals under Title VII or the ADEA, *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998), § 1981 does allow for an individual's liability "when they 'intentionally cause [an employer] to infringe the rights secured by' section 1981." *Curran v. Mom's Organic Mkt., Inc.*, No. 8:24-CV-00402-AAQ, 2024 WL 4955274, at *10 (D. Md. Dec. 2, 2024) (citations omitted). Plaintiff alleges that Pease and Feehely engaged in a sham hiring process by interviewing him despite the position having already been filled and withholding that fact from Plaintiff with discriminatory intent. [DE-110] at 4–5; *see Hawthorne v. Va. State Univ.*, 568 F. App'x 203, 204–05 (4th Cir. 2014) ("To make out a claim for individual liability under §

14

1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action, and the claim must be predicated on the actor's personal involvement.") (citation and internal quotation marks omitted).

Plaintiff filed the motion to add Pease and Feehely more than four months after the deadline to amend the pleadings and less than a month before the close of discovery. While Plaintiff claims that discovery revealed new evidence, [DE-110] at 1, 6, Plaintiff has known for months the facts described in the motion, which he asserted in the second motion to amend attempting to add a § 1985(3) conspiracy claim based on the actions of Pease, HR, and Feehely, whom he described as co-conspirators. [DE-39]. Plaintiff's motion to amend is untimely and would unduly delay the proceeding and prejudice Toll Bros. by introducing new defendants at the close of discovery, and Plaintiff has failed to demonstrate the good cause required to justify the late filing. *See Tabor v. Nat'l Interstate Ins. Agency, Inc.*, No. 1:07CV151, 2008 WL 11471053, at *4 (M.D.N.C. Apr. 15, 2008) (denying motion to amend for undue delay where the plaintiff knew of the information earlier and for failure to show good cause where the motion was made after the scheduling order deadline) (citing *Wildauer v. Frederick Cnty.*, 993 F.2d 369 (4th Cir. 1993) (concluding the district court properly denied an unopposed motion to amend the complaint made after the deadline imposed by the court's scheduling order for making amendments and where the plaintiff had the necessary information well prior to that time)). Accordingly, the sixth motion to amend, [DE-110], is denied.

### IV. Conclusion

For the reasons stated above, the court rules as follows:

1. The first motion to amend the amended complaint, [DE-30], is allowed;

15

2. The second motion to amend, [DE-39], is allowed in part and denied in part, and the motion for leave to supplement the second motion to amend is denied, [DE-72];

3. The third motion to amend, [DE-65], and the first and second motions for leave to supplement the third motion to amend, [DE-97, -117], are denied;

4. The fourth motion to amend, [DE-77], is denied, and the motion for leave to supplement, [DE-78] is allowed;

5. The fifth motion to amend, [DE-86], and motions for leave to supplement the fifth motion to amend, [DE-98, -116], are denied; and

6. The sixth motion to amend, [DE-110], is denied.

In summary, Plaintiff may proceed with claims for Title VII discrimination and retaliation, ADEA discrimination, and §1981 discrimination and retaliation against Toll Bros. Inc. In the interests of efficiency and clarity of the pleadings, Plaintiff must file a Second Amended Complaint, in conformity with this order, containing all factual allegations and claims in one document, by no later than **March 6, 2025**, and Defendant will have 14 days after service of the Second Amended Complaint to answer or otherwise respond.

The motions deadline in court's August 21, 2024 Scheduling Order is stayed and will be reset after ruling on the pending discovery motions.

Finally, Plaintiff is cautioned to stop filing serial motions that undermine the court's limits on briefing, which are employed, in part, to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Replies are discouraged and not permitted in discovery disputes. Local Civ. R. 7.1(g). Filing multiple motions for leave to supplement defeats the purpose of the rule and wastes the parties' and the court's resources.

SO ORDERED, the 21st day of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge