IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-701-BO

| | | |
|---|---|---|
| BHASKAR KOUKUNTLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TOLL BROS., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion to compel disclosure of insurance information and for sanctions, [DE-32], motion to supplement the motion to compel, [DE-74], motion to require sworn affidavit regarding insurance coverage, [DE-83], and second motion to supplement the motion to compel, [DE-90]. Defendant responded to the motion to compel, [DE-43], and Plaintiff filed an impermissible reply, [DE-46], which the court declines to consider. *See* Local Civ. R. 7.1(g)(2). For the reasons that follow, the motions are denied.

Plaintiff seeks an order compelling Defendant to provide the insurance information required under Fed. R. Civ. P. 26(a)(1)(A)(iv) and sanctioning Defendant for failing to provide timely and complete initial disclosures. [DE-32] at 1. Plaintiff specifically argues that Defendant withheld insurance information because it contends Plaintiff is not entitled to damages. *Id.* at 4. Plaintiff's position is founded on a misreading of Defendant's initial disclosures. Defendant stated in separate disclosures that (1) Plaintiff is not entitled to any damages and, thus, Defendant has no discoverable information required to be disclosed under Fed. R. Civ. P. 26(a)(1)(A)(iii); and (2) that Defendant is not aware of any insurance agreement that should be disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv). [DE-32-4]. Defendant's initial disclosures do not indicate it withheld

insurance information because it believes Plaintiff is not entitled to damages. Defendant's initial disclosure regarding insurance coverage under Fed. R. Civ. P. 26(a)(1)(A)(iv) is sufficient, and the motion to compel and for sanctions, [DE-32], is denied.

In an attempt to clarify its position that no insurance policy exists and to avoid litigating Plaintiff's motion, Defendant provided Plaintiff with a declaration from Edward B. Pease, Division President, Raleigh Division ("Pease Declaration") stating that "[n]o insurance agreement exists under which an insurance business may be liable to indemnify or reimburse for payments to satisfy a potential judgment in the above-referenced lawsuit." [DE-43-1] at 30–31. Plaintiff was not persuaded and filed three additional motions related to the Pease Declaration.

In the first motion to supplement, Plaintiff asks the court to expand the scope of the original motion to include Toll Brothers, Inc., a non-party, because the Pease Declaration states that Pease works for Toll Bros. Inc., while Pease's LinkedIn profile identifies him as the Vice President of Toll Brothers, Inc. [DE-74] at 2. The court finds nothing misleading in this purported discrepancy, where both may in fact be true. Toll Bros., Inc.'s financial disclosure indicates that Toll Brothers, Inc. is its parent company, [DE-106], and there is nothing remarkable or nefarious about a parent and subsidiary sharing officers. Furthermore, Plaintiff, in a separate motion, sought to add Toll Brothers, Inc. as a party to this case, and the court denied the motion. Accordingly, the motion to supplement, [DE-74], is denied.

In the motion to require a sworn affidavit from Pease, Plaintiff contends that the Pease Declaration is deficient because it was not made under penalty of perjury as required by 28 U.S.C. § 1746. [DE-83]. Plaintiff's second motion to supplement addresses the same issue. [DE-90]. Section 1746 provides that a declaration under penalty of perjury can satisfy a requirement for a sworn declaration. While Plaintiff may be correct that the Pease Declaration does not comply with

2

§ 1746, the court need not decide that issue at this time because it was provided to Plaintiff in an effort to stave off further litigation of the insurance issue and was not filed with the court as evidence or for any purpose that required a sworn statement. The court also disagrees with Plaintiff's view that the alleged failure to strictly comply with § 1746 is a "fraud upon the court" or "deliberate misrepresentation." [DE-90]. The court has not relied on the Pease Declaration in ruling that Defendant's initial disclosure regarding insurance coverage was sufficient and finds no cause to order Defendant to reissue the declaration. Accordingly, the motion to require a sworn affidavit, [DE-83], and second motion to supplement, [DE-90], are denied.

SO ORDERED, the **2ı** day of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge