IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-701-BO

BHASKAR KOUKUNTLA,

    Plaintiff,

v.

TOLL BROS., INC.,

    Defendant.

ORDER

This matter is before the court on Plaintiff's motions to determine the sufficiency of Defendant's responses to requests for admission ("RFAs"), [DE-60], and to Defendant's responses to requests for production ("RFPs"), [DE-81]. Defendant responded that Plaintiff failed to satisfy the meet and confer obligations of Local Civ. R. 7.1(c)(2) and Fed. R. Civ. P. 37 with respect to the RFAs, [DE-62] at 11–12, and did not respond to the motion regarding the RFPs.

First, in addition to a meet and confer requirement, which Plaintiff contends was satisfied, Local Civ. R. 7.1(c)(2) states that "No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." Plaintiff's motions paraphrase the disputed RFAs and RFPs and Defendant's responses thereto, which hinders the court's ability to assess the sufficiency of Defendant's responses. Plaintiff must provide the full text for each disputed request and response or attach a copy thereof to the motions.

Second, many of Plaintiff's arguments regarding the sufficiency of the RFAs take issue with the "correctness" of Defendant's responses, but sufficiency refers to the specificity or

completeness of a response and not whether a response is factually accurate. *See* Fed. R. Civ. P. 36(a)(6); *Watkins v. Lincare, Inc.*, No. 3:22-CV-00109, 2023 WL 5490181, at *2 (S.D.W. Va. Aug. 24, 2023) ("The analysis into whether the answers or objections are sufficient focuses on the specificity of the response and not on whether the response is factually correct.") (quoting *Bolick v. Thompkins*, No. CV 5:20-2888-RBH-KDW, 2022 WL 20016085, at *2 (D.S.C. Feb. 4, 2022)). "If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof." *Id.* (quoting *Mayes v. City of Hammond, Indiana*, No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D. Ind. Aug. 1, 2006)).

Finally, where the parties dispute whether the meet and confer requirement has been satisfied, the court finds that further good faith discussions between the parties are likely to render efficiencies by reducing or eliminating the issues in dispute. *See* Fed. R. Civ. P. 1 (providing the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Therefore, the parties shall promptly meet and confer regarding the RFAs and RFPs in dispute, and should any unresolved issues remain, Plaintiff may renew the motions but is cautioned that they must be supported with the specific requests and Defendant's responses. Accordingly, the motions are denied without prejudice for failure to comply with Local Civ. R. 7.1(c)(2).

SO ORDERED, the 25 day of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

2

Case 5:23-cv-00701-BO-RJ    Document 140    Filed 02/26/25    Page 2 of 2