IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-701-BO

| | | |
|---|---|---|
| BHASKAR KOUKUNTLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOLL BROS., INC., | ) | |
| | ) | |
| Defendant. | ) | |

The following motions are before the court for ruling in accordance with 28 U.S.C. § 636(B)(1)(A): (1) Plaintiff's motion to expedite, [DE-36], (2) Plaintiff's motion to preserve evidence, [DE-37], and (3) Plaintiff's motion for the appointment of a forensic expert to preserve and analyze electronic evidence, [DE-42]. All briefing is complete and the matters raised in the motions are ripe for ruling. For the following reasons Plaintiff's motions are denied.

Plaintiff's motions assert nearly identical grounds for the same or similar relief and may be considered together. Plaintiff has moved the court to compel Defendant Toll Bros., Inc. ("Toll Bros.") to "preserve all relevant evidence, including electronically stored information (ESI) communications, documents, and any other material related to this action." [DE-37] at 1. Plaintiff has also asked the court to appoint a forensic expert "to ensure the integrity of the discovery process and to prevent the loss or destruction of vital [ESI]." [DE-42] at 1. Finally, Plaintiff asks the court to expedite its ruling on the preservation motion "due to the imminent risk of spoliation and potential irreparable harm that could result from the destruction or alteration" of evidence. [DE-36].

Plaintiff's motions, filed October 7, 2024, appear to stem from Defendant's failure to respond to a letter Plaintiff sent to defense counsel dated July 8, 2024, in which Plaintiff requested Toll Bros.

"preserve all evidence related to this case." Ex. A [DE-37-2] at 1. The substance of Plaintiff's letter appears to be a reminder to counsel that the "the duty to preserve evidence arises when litigation is reasonably anticipated." *Id.* Plaintiff then requested defense counsel "acknowledge receipt of [his] letter and confirm in writing [defense counsel's] intent to comply with [his] preservation demand." *Id.* In early October 2024, when Plaintiff filed his motions, Plaintiff had not received a response or acknowledgment from defense counsel regarding Plaintiff's preservation request. *See* Ex. B Decl. of Bhaskar Koukuntla [DE-37-3].

Plaintiff has argued, across his motions, that defense counsel's failure to respond to his letter gives rise the an imminent threat of spoliation that should be met with the relief he now seeks in his motions. [DE-36] at 2–3; [DE-37] at 2; [DE-42] at 2. Plaintiff argues that "given the absence of a response to Plaintiff's preservation request" and the nature of such evidence, there is an "elevated risk that relevant documents and communications may be inadvertently lost or altered." [DE-37] at 2. Plaintiff also argues that the risk of evidence destruction is heightened by Defendant's failure to respond and request of additional time to respond to Plaintiff's written discovery requests, and warrants the appointment of an expert. [DE-42] at 1–2, 4. Plaintiff contends that "[w]ithout timely preservation Plaintiff will suffer prejudice" and that evidence may be lost adversely affecting his ability to present facts supportive of his claims. [DE-37] at 2–3; *see* [DE-36] at 2.

A common-law duty arises, even before the commencement of litigation, for a party to preserve relevant information, including ESI, when litigation is reasonably foreseeable. *Wall v. Rasnick*, 42 F. 4th 214, 221 n.6 (4th Cir. 2022); *see* Fed. R. Civ. P. 37(e) (2015 advisory committee notes recognizing common-law obligation to preserve relevant information when litigation is reasonably foreseeable); *Packrite, LLC v. Graphic Packaging Int'l, LLC*, No. 1:17CV1019, 2020

2

WL 7133806, at *5, n.6 (M.D.N.C. Dec. 4, 2020) ("Rule 37(e) . . . recognizes the common law duty to preserve relevant information when litigation is reasonably foreseeable.") (cleaned up and citation omitted), *report and recommendation adopted,* 2021 WL 9681472 (M.D.N.C. Jan. 6, 2021).

Toll Bros. is already under an obligation to preserve relevant evidence and has been since litigation was reasonably foreseeable. Plaintiff has presented no evidence to support the likelihood that relevant evidence is being or will be spoliated absent court intervention. Plaintiff's motions were filed after Plaintiff did not receive the acknowledgment he requested from defense counsel within the time he thought to be reasonable. *See* [DE-56] at 1 ("Given the defense's 91-day delay in responding to Plaintiff's spoliation letter, the risk of spoliation was real and justified the filing of these motions."). Defendant was not required to respond to Plaintiff's request and Plaintiff has failed to show any prejudice; notwithstanding, Plaintiff did, in fact, receive an acknowledgment from defense counsel, albeit after Plaintiff had filed his motions. On October 16, 2024, defense counsel sent plaintiff a letter providing Plaintiff with "formal written confirmation" that pursuant to the Federal Rules of Civil Procedure, Toll Bros. has preserved and will continue to preserve evidence, including ESI related to the litigation. [DE-47-1] at 2. To the extent Plaintiff's concerns were not satisfied by counsel's letter, Plaintiff was further invited to meet with defense counsel to discuss those concerns. *Id.* In his letter, defense counsel also requested Plaintiff to withdraw his motions. Plaintiff appears to have rebuffed counsel's invitation to meet and further declined to withdraw his motions citing the critical nature of the evidence. [DE-47-2].

It does not appear to the court that Plaintiff's motions sought anything more than what defense counsel provided Plaintiff in his October 16 letter. Indeed, the evidence Plaintiff urged to be preserved in July as critical was no more or less critical in October when defense counsel

3

responded, yet Plaintiff refused to withdraw his motions. This strikes the court as something other than acting in good faith. The court's unsettling impression is compounded by Plaintiff's failure to meet and confer with counsel prior to filing his discovery motions. Plaintiff is mistaken in believing his July letter, not forecasting motions that were filed in October, sufficed as meeting and conferring as required by our local rules. Where Plaintiff appears to indicate the desire <u>not</u> to contact counsel before filing his motions, *see* [DE-56] at 2 ("There is no rule that requires Plaintiff to warn the defense that court intervention is imminent, especially after giving the defense 91 days to respond."), it is especially troubling that Plaintiff would discount local rules in favor of gamesmanship, and he is disabused of this conduct.

Plaintiff is reminded in no uncertain terms that the local rules of this court require that a party "certify that there has been a good faith effort to resolve discovery disputes prior to <u>the filing of any discovery motions</u>." Local Civ. R. 7.1(c)(2). The purpose of this requirement is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention. It is expected that the parties "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Locke v. Murphy*, No. 5:22-CV-344-FL, 2024 WL 4612918, at *1 (E.D.N.C. Oct. 29, 2024)(citations omitted) (referring to meet and confer requirements generally). This good faith communication requirement is not merely technical but promotes the orderly resolution of discovery disputes. *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009).

Because Plaintiff has failed to demonstrate any evidence of spoliation beyond mere speculation and has failed to demonstrate prejudice, Plaintiff's motion to compel preservation, [DE-37], and motion to appoint a forensic expert, [DE-42], are denied. Accordingly, Plaintiff's motion

to expedite, [DE-36], is denied as moot.

So ordered, the 26th of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge