IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-701-BO

| | |
|---|---|
| BHASKAR KOUKUNTLA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOLL BROS., INC., )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on Plaintiff's motion for removal of inadvertently disclosed medical records and notice of clarification, [DE-35, -50], motion for sanctions, [DE-64], motion to compel depositions, [DE-79], motion to quash and for a protective order, [DE-82], motion to deny Defendant's request for discovery extension, [DE-91], motion for a stay of deposition, [DE-114], motion for protective order, [DE-115], and motion for Rule 11 sanctions, [DE-127], and Defendant's motion to compel, [DE-68], and motion for hearing, [DE-128]. The motions are fully briefed and ripe for ruling. For the reasons that follow, Defendant's motion to compel, [DE-68], and Plaintiff's motion to compel and motion to quash and for a protective order, [DE-79, -82], are allowed in part and denied in part, and all other motions, [DE- 35, -64, -91, -114, -115, 127, -128], are denied.

### A. Defendant's Motion to Compel [DE-68] & Plaintiff's Motion to Deny Extension of Time [DE-91]

Defendant seeks an order compelling Plaintiff to serve full and complete responses to Defendant's first set of interrogatories ("Rog.") and requests for production of documents ("RFP"), awarding attorney's fees and costs associate with brining the motion, and amending the scheduling

order to extend the deadline for the parties to file expert disclosures and reports. [DE-68]. Plaintiff opposes the motion, arguing that a motion to compel is not the proper vehicle to challenge the sufficiency of the responses, the discovery seeks irrelevant information, and Defendant has acted in bad faith. [DE-75].

> Rule 26 provides the general rule regarding the scope of discovery:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that the court must limit the frequency or extent of discovery otherwise allowed by

these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

First, a motion to compel is the appropriate vehicle for challenging the sufficiency of Plaintiff's responses to Rogs. and RFPs, because for purposes of Rule 37(a), an incomplete answer or disclosure is treated as a failure to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv), (4). Plaintiff's assertion that Defendant's filing of the motion to compel is a mischaracterization of Plaintiff's compliance or misleading to the court is simply wrong.

Next the court turns to the substantive arguments regarding the disputed responses.

1. **Medical Information and Records**

Defendant's Rog. Nos. 3 and 5 and RFP Nos. 9–12 request information and records related to Plaintiff's medical treatment, including a medical release. [DE-68-3] at 7–8, 15–16.[1] In response, Plaintiff objected that these requests were overly broad, unduly burdensome, irrelevant,

---

[1] The page numbers referenced are to the CM/ECF footer where they differ from the document's internal pagination.

and not reasonably calculated to lead to the discovery of admissible evidence.[2, 3] [DE-68-4] at 11, 17–18, 92, 96, 99, 103. Plaintiff also noted that he had filed a motion for a protective order to safeguard private medical information, and any disclosure of medical information in this case must be subject to that order. *Id.* at 11, 92, 96, 103. Specifically, Plaintiff asserted that medical information prior to July 2023 is not relevant because claims for emotional distress are directly tied to events in 2023, and no medical issues related to this case existed before that time. *Id.* at 11, 18, 99–100, 103. Notwithstanding the objections, Plaintiff disclosed three doctors treating his anxiety and tachycardia, medications he took since July 2023 for emotional distress and anxiety, and non-traditional treatments he received, and Plaintiff also stated that he received no medical treatment for anxiety and mental distress, or any condition related to this litigation, prior to July 2023. *Id.* at 12, 18–19, 96–98.

First, the court entered a protective order that sufficiently protects the privacy of Plaintiff's medical records, [DE-130], and therefore, the privacy-based objection is overruled. *See Swindell v. CACI NSS, Inc.*, No. 5:17-CV-00617-D, 2020 WL 698267, at *7 (E.D.N.C. Feb. 10, 2020) ("[T]he presence of the protective order protects the important privacy concerns raised by disclosing private medical records, so long as [the plaintiff] asserts the documents are confidential."). Second, Plaintiff's medical history prior to July 2023 is relevant to his emotional

---

[2] The amendments to the Federal Rules of Civil Procedure that went into effect in December 2015 deleted the "reasonably calculated" language from Rule 26, and the objection that a discovery request is not reasonably calculated to lead to the discovery of admissible evidence is not valid. *See Canales v. OPW Fueling Components LLC*, No. 5:22-CV-00459-BO, 2025 WL 553623, at *3 (E.D.N.C. Feb. 19, 2025) (rejecting the "reasonably calculated" objection, which "has not been an appropriate basis to object to discovery for nearly a decade") (citing Fed. R. Civ. P. 26 Advisory Comm. Note to the 2015 Amend.).

[3] Plaintiff's boilerplate objections without support are overruled, and the court will only address the specific objections. *See Daniels v. Hyster-Yale Grp., Inc.*, No. 5:19-CV-00531-FL, 2020 WL 2334088 at *4 (E.D.N.C. May 11, 2020) (citing *Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) ("[M]agistrate judges in at least five district courts in the Fourth Circuit have declared boilerplate objections to discovery requests . . . invalid."); *Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, No. 5:09-MC-00032, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009) ("Generally, the mere cry of burdensomeness or irrelevance without any statement in support of these objections is disfavored by the court.")).

4

distress damages claim, and the court finds that in this case a historical five-year period is not overly broad or disproportional to the needs of the case. *See id.*, at *8 (compelling plaintiff to produce five years and three months of medical records in an employment discrimination case where plaintiff sought emotional distress damages and recognizing that district courts in the Fourth Circuit have authorized production of medical documents for varied time periods from two to ten years prior to the adverse event); *Neil v. Warren Cnty. Bd. of Educ.*, No. 5:20-CV-595-FL, 2023 WL 3237248, at *3 (E.D.N.C. May 3, 2023) (citing *Stokes v. IKEA US Retail, LLC*, No. 22-CV-01377-JMC, 2023 WL 1970476, at *2 (D. Md. Feb. 13, 2023) (finding plaintiff's medical records relevant where plaintiff sought pain and suffering damages in a Title VII employment discrimination case) (citing *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, 2009 WL 4062881 (W.D.N.C. Nov. 20, 2009) ("A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records."))). Third, Defendant is entitled to a HIPAA compliant medical release from Plaintiff to obtain his medical records from his providers to confirm that all relevant information and documents have been produced. *See Jimoh*, 2009 WL 4062881, at *2 (requiring plaintiff in employment discrimination case who asserted emotional distress damages to execute medical release forms). Accordingly, Plaintiff shall supplement his responses to these discovery requests in conformity with this order.

### 2. Employment Records

Defendant's Rog. Nos. 6 and 7 and RFP No. 9 request information and records related to Plaintiff's employment, including information regarding Plaintiff's current employment with Cimetrics and any other employment Plaintiff has held since December 2008, as well as an Employment Records Authorization for those employers. [DE-68-3] at 8–9, 15. In response,

Plaintiff objected that these requests were overly broad, unduly burdensome, irrelevant, invasive of privacy, and not reasonably calculated to lead to the discovery of admissible evidence. [DE-68-4] at 21–27. Specifically, Plaintiff argues that his full-time employment with Cimetrics for more than two decades and other part-time employment prior to 2008, has no bearing on the claims at issue and is a fishing expedition. *Id.* at 21, 26. Notwithstanding the objections, Plaintiff disclosed part-time employment as a realtor and mortgage loan originator. *Id.* at 27–28, 93–94.

Plaintiff is incorrect that his current employment with Cimetrics is irrelevant to this case. Both prior and subsequent employment history is relevant to employment discrimination claims, including damages. *See Bryson v. Compucom Sys., Inc.*, No. 19-CV-1121, 2020 WL 13042300, at *3 (M.D.N.C. Nov. 16, 2020) ("As he seeks damages for lost wages, Plaintiff's income while working for CompuCom, any subsequent income, and any attempts to mitigate the loss of his CompuCom wages are clearly relevant to this case.") (citing *Feldman v. Law Enforcement Assocs. Corp*, No. 5:10-CV-8, 2012 WL 6552921, at *2 (E.D.N.C. Dec. 14, 2012) (holding that a plaintiff seeking lost wages "has the so-called duty to mitigate his damages")); *Iannucci v. Rite Aid Corp.*, No. 1:11-CV-281, 2012 WL 3019953, at *4 (W.D.N.C. July 24, 2012) (rejecting plaintiff's attempt to limit discovery responses to the dates of employment with defendant because a plaintiff's subsequent and prior employment history are relevant in an employment discrimination case and allowing discovery prior and subsequent employment history, information and documents regarding salary and resumes submitted to prospective employees, any discipline, termination, or demotion in connection with the employers identified during the relevant time period, and information related to any sources of income plaintiff received), *aff'd,* 512 F. App'x 365 (4th Cir. 2013); *Cole v. Saks, Inc.*, No. 5:06-CV-229-F, 2007 WL 2997453, at *7 (E.D.N.C. Oct. 12, 2007) ("Plaintiff's current employment, his current earnings, and his job search efforts are all directly

relevant to the issue of damages in an employment discrimination action. Moreover, the court is not aware of any constitutional 'privilege' that enables Plaintiff to refuse to divulge information regarding his current employment.). Courts have also compelled plaintiffs in employment discrimination cases to execute an authorization for the release of employment records. *See Bryson*, 2020 WL 13042300, at *3; *Iannucci*, 2012 WL 3019953, at *4. In *Bryson*, the court provided the plaintiff with the alternatives of (1) signing the provided authorization form, or (2) obtaining any relevant requested records and providing a complete record of the requested documents within 14 days. Plaintiff may not shield his employment records but may obtain and provide the records himself as an alternative to signing the authorization form in order to alleviate concerns regarding potential burdens on or interference with his current employment. Finally, the court will limit the timeframe for Rog. No. 7 to jobs or employment Plaintiff has held from July 2018 through the present date. Accordingly, Plaintiff shall supplement his responses to these discovery requests in conformity with this order.

### 3. Mitigation/Offset Records

Defendant's Rog. No. 9 and RFP Nos. 4, 7, and 15–17 request information and records related to potential mitigation and offset of Plaintiff's alleged damages, including information regarding Plaintiff's income and job searches, as well as his tax returns. [DE-68-3] at 9, 14, 16–17. In response, Plaintiff objected that these requests were overly broad, unduly burdensome, irrelevant in part, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. [DE-68-4] at 33, 78–80, 86–87, 111–12, 114–15, 117–18. Specifically, Plaintiff argues that income information dating from July 2019 to present exceeds the scope of discovery because he only claimed a reduction in part-time income in 2023 and 2024 as compensatory damages, rendering information regarding his search for work from March 2018

7

through July 2023 unrelated to his claims. *Id.* at 33, 35–36, 78–79, 86, 111, 114, 117. Notwithstanding the objections, Plaintiff disclosed that his income from employment with Cimetrics was not affected and listed some of the information sought related to his part-time employment from 2022–24, stated that no documents exist related to any job search efforts during the period from March 1, 2018, to July 14, 2023, with the exception of those related to his application for the position with Toll Bros., and he produced the relevant 1099 and W2 forms as part of his initial disclosures but no tax returns. *Id.* at 33–35, 80–81, 87, 112–13, 115, 119.

Plaintiff is incorrect that information prior to 2023 regarding his income and tax returns is not discoverable. "A plaintiff in an employment case may only 'recover the amount of his losses caused by the employer's breach reduced by the amount the employee obtains, or through reasonable diligence could have obtained, from other suitable employment,'" or, in other words, the plaintiff must mitigate damages. *Feldman v. L. Enf't Assocs. Corp.*, No. 5:10-CV-8-BR, 2012 WL 6552921, at *2 (E.D.N.C. Dec. 14, 2012) (quoting *Anthony v. Atlantic Group, Inc.*, No. 8:09-cv-02383-JMC, 2012 WL 4009490, at *2 (D.S.C. Sept. 12, 2012)). Tax returns have been held relevant to the issue of a plaintiff employee's mitigation of damages. *Id.* (citing *Barnette v. City of Charlotte*, No. 3:11-CV-653-DCK, 2012 WL 3812026, at *7 (W.D.N.C. Sept. 4, 2012) (directing plaintiff to produce tax returns even where W-2's and 1099's had been provided); *Stewart v. VCU Health Sys. Auth.*, No. 3:09-CV-738-HEH, 2012 WL 463561, at *6 (E.D. Va. Feb. 13, 2012) (noting that plaintiff employee had been directed to produce tax returns that were relevant to his mitigation of damages and earned income after termination); *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 WL 1990558, at *3 (S.D. Ohio May 23, 2011) ("With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions where a party's income is in issue, as, for example, where a claim for lost wages has been asserted. . . . In such cases, the

8

information in tax returns is relevant, especially as it relates to mitigation of damages.") (citations omitted); *Rosson v. Wyndham Vacations Resorts, Inc.*, No. 3-10-0429, 2011 WL 92053, at *2 (M.D. Tenn. Jan. 11, 2011) (affirming magistrate judge's order directing plaintiff to produce tax returns on grounds that the tax returns were relevant to plaintiff's duty to mitigate damages and claim for damages in addition to his credibility)). While federal case law recognizes a qualified privilege limiting the disclosure of tax returns, *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-CV-000146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004), tax returns are discoverable if (1) they are relevant and (2) the information is not available from other sources. *Id.*

Plaintiff seeks damages for lost wages and loss of professional opportunities, as well as emotional distress damages. *See, e.g.*, [DE-39-10] at 3. Plaintiff's income prior to and subsequent to Defendant's failure to hire Plaintiff are relevant to his damages claim and the issue of mitigation or offset. *See Feldman*, 2012 WL 6552921, at *2. Plaintiff's tax returns are likewise discoverable where they contain information relevant to mitigation of damages, Plaintiff has failed to disclose certain employment income and provided only limited W-2 and 1099 information, [DE-68-1] at 18–19, and the court has entered a protective order to address confidentiality concerns. Accordingly, Plaintiff shall supplement his responses to these discovery requests in conformity with this order.

### 4. Communications and Documents Related to Claims

Defendant's Rog. No. 18 and RFP Nos. 1 and 3 request information and records related to Plaintiff's communications regarding this lawsuit, including communications with the EEOC regarding Plaintiff's charge and communications with Defendant regarding Plaintiff's application for employment, the filing of the charge, and this lawsuit. [DE-68-3] at 12–13. In response,

9

Plaintiff objected that the information sought was protected by the work product doctrine and attorney-client privilege and that the requests were overly broad, irrelevant, and/or not likely to lead to the discovery of admissible evidence. [DE-68-4] at 66, 71, 76. Specifically, Plaintiff argues that communications between him and the EEOC are protected from disclosure because they involve strategic discussions and deliberations made in anticipation of litigation. *Id.* at 66, 71, 76. Notwithstanding the objections, Plaintiff disclosed a limited number of what he considered administrative or procedural communications with the EEOC and documents exchanged between Plaintiff and Defendant. *Id.* at 67–72, 76–77.

The requested information and documents are unquestionably within the scope of discovery and the requests are not overly broad, so the court turns to Plaintiff's assertion that they are privileged. A party invoking the attorney-client privilege must demonstrate four things:

> First that the holder of the privilege either was or was seeking to become a client. *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501–02 (4th Cir. 2011). Second that the person receiving the communication is an attorney (or an attorney's subordinate) and acted as an attorney when they received it. *Id.* Third that the communication relates to facts conveyed by a client outside the presence of strangers and to receiving legal services. *Id.* And fourth that the party has claimed the privilege and not waived it. *Id.*

*Williams v. AT&T Mobility*, 5:19-cv-475-BO, 2022 WL 2821922, at *4 (E.D.N.C. July 19, 2022). "The work product doctrine, as codified in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, is based on the Supreme Court's seminal decision in *Hickman v. Taylor*, 329 U.S. 495 (1947), and protects against the disclosure of certain materials 'prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" *Westchester Surplus Lines Ins. Co. v. Clancy & Theys Const. Co.*, No. 5:12-CV-636-BO, 2013 WL 6058203, at *4 (E.D.N.C. Nov. 15, 2013) (quoting Fed. R. Civ. P. 26(b)(3)(A)). While the work-product provision in the Federal

10

Rules applies to "documents and tangible things," the common law work-product privilege also covers "counsel's mental impressions, conclusions or opinions [] sought in the context of a deposition, rather than as memorialized on paper[.]" *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D.W. Va. 1995) (citing *Hickman*). A party invoking the work product doctrine must demonstrate that the materials are "(1) documents or tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for the party or the party's representative." *U.S. v. Bertie Ambulance Serv., Inc.*, No. 2:14-cv-53-F, 2015 WL 3932167, at *3 (E.D.N.C. June 25, 2015) (*quoting Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 201 (M.D.N.C. 1988)). In either case, when a party withholds information on the basis of privilege, it must expressly assert the privilege objection in response to the particular discovery request involved. *Progressive Southeastern Ins. Co. v. Arbormax Tree Serv., LLC*, 5:16-cv-662-BR, 2018 WL 4431320, at *3 (E.D.N.C. Sept. 17, 2018) (citing Fed. R. Civ. P. 26(g)(1)). In addition, the party must serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). *Id.*

Plaintiff has not established that withheld communications are entitled to attorney-client privilege. While courts have found that communications between an EEOC attorney and a complaining party are privileged when the EEOC brought suit on the complaining party's behalf, such is not the case here where the EEOC issued Plaintiff a right to sue letter and did not bring an action of Plaintiff's behalf. *See Gaiter v. Aerospace Testing All.*, No. 4:06-CV-47, 2007 WL 9734333, at *4 (E.D. Tenn. Jan. 16, 2007) (finding no attorney-client privilege for communications between the plaintiff and the EEOC where the EEOC did not bring an action on plaintiff's behalf). Plaintiff has not established any attorney-client relationship with the EEOC.

11

As for the work product claim, courts disagree on whether a *pro se* Plaintiff can assert work-product immunity, *Schmitz v. Asman*, No. 2:20-CV-00195-DJC-CKD (PS), 2024 WL 1521456, at *3 (E.D. Cal. Apr. 8, 2024); *Carrier-Tal v. Mchugh*, No. 2:14CV626, 2016 WL 9185306, at *3 (E.D. Va. Feb. 3, 2016), and disclosure of work product to the EEOC does not necessarily waive work product privilege, *Costabile v. Westchester, New York*, 254 F.R.D. 160, 166–67 (S.D.N.Y. 2008) (finding plaintiff's disclosure of private investigator's report concerning the alleged events to the EEOC did not result in waiver where plaintiff and the EEOC were aligned in their common interest to analyze the facts of the incident and prevent alleged discriminatory practices by or on behalf of defendants). Here, however, Plaintiff has not provided Defendant or the court with sufficient information to assess the work product claim. Assertion of the work-product privilege is made by providing the opposing party with a privilege log, which "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Given Plaintiff's *pro se* status, the court will provide Plaintiff an opportunity to properly assert his claims of privilege in by producing a privilege log in conformity with Fed. R. Civ. P. 26(b)(5)(A), and Plaintiff is cautioned that a failure to do so will constitute a waiver of any asserted privilege.

Accordingly, Defendant's motion to compel is allowed in part and denied in part, and Plaintiff shall supplement his responses to these discovery requests in conformity with this order by no later than **March 31, 2025**. The court declines to award Defendant expenses under Fed. R. Civ. P. 37(a)(5)(A) because, while not meritorious, many of Plaintiff's objections were substantially justified, and the circumstances make an award of expenses unjust *See Crisp v. Allied Interstate Collection Agency*, No. 1:15CV303, 2016 WL 2760363, at *5 (M.D.N.C. May 12, 2016)

("A litigant is 'substantially justified' in opposing discovery 'if there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Because the parties require additional time to complete discovery, Plaintiff's motion to deny Defendant's request for discovery extension is denied. The deadline to complete all discovery is extended to **April 30, 2025**; the deadline for disclosure of expert witnesses and reports pursuant to Fed. R. Civ. P. 26(a)(2) is extended **May 21, 2025** for Plaintiff and **June 4, 2025**; and all potentially dispositive motions are due no later than **July 7, 2025**.

### B. Plaintiff's Motion to Compel [DE-79], Request for a Stay [DE-114], & Motion for Protective Order [DE-115]

Plaintiff moves the court for an expedited hearing and an order compelling Defendant to immediately provide deposition dates for key witnesses and imposing sanctions. [DE-79]. Defendant responded by moving for a pre-filing injunction, [DE-89], which the court denied, [DE-135], and Plaintiff filed an impermissible reply, [DE-102], which the court in its discretion declines to consider. Plaintiff also requests a stay of Defendant's deposition notice pending ruling on Plaintiff's motion for protective order, [DE-114], and a protective order to address Defendant's deposition notice of Plaintiff, [DE-115].

Plaintiff's request for hearing is denied. *See* Local Civil Rule 7.1(j). Plaintiff's request to compel Defendant to provide deposition dates is allowed in part. Although not required, it is routine for parties to conduct some written discovery prior to depositions. Furthermore, given the pending motions to amend and discovery motions, the court finds no bad faith on the part of Defendant in not scheduling depositions given the unsettled scope of the claims and discovery. The parties are reminded that depositions must be noticed in conformity with the Federal Rules of Civil Procedure. The court expects the parties to work cooperatively to schedule depositions

13

following Plaintiff's supplementation of his discovery responses, and Plaintiff's request for a stay of depositions and for a protective order[4] are denied.

## C. Plaintiff's Motion for Removal of Inadvertently Disclosed Medical Records [DE-35]

Plaintiff moves the court for an order to remove or return inadvertently disclosed medical records that contain private and irrelevant medical information provided to Defendant along with Plaintiff's initial disclosures. [DE-35]. Defendant opposed the motion. [DE-62]. Plaintiff also filed a notice of clarification. [DE-50].

Plaintiff argues that the inadvertently disclosed medical records and financial records are not relevant because they predate Defendant's failure to hire him in July 2023. The court has rejected that argument in ruling on Defendant's motion to compel, *see supra*, and a protective order has been entered to protect the use of any confidential information, such as medical or financial records. Accordingly, the motion is denied.

## D. Plaintiff's Motions for Sanctions [DE-64, -127]

Plaintiff moves the court for sanctions against defense counsel for obstructing discovery, presenting misleading information, and disregarding ethical obligations, [DE-64], and also contends defense counsel of bad faith litigation tactics, harassment, extrajudicial coercion, and making false representations, [DE-127]. The court has previously addressed in other orders the issues raised by Plaintiff in the first motion for sanctions, [DE-135, -137, -141], and summarily denies the first motion on the same grounds. As for the second motion, the court finds no sanctionable conduct described in the motion, which appears to center on a dispute regarding Defendant's notice of Plaintiff's deposition, and the motion is denied.

---

[4] Plaintiff did not include a copy of the deposition notice with his motion so the court cannot assess whether it is procedurally deficient. Should the parties be unable to resolve their dispute after the required good faith effort to do so, they may bring the issue before the court in a fully briefed motion.

### E. Plaintiff's Motion to Quash and for a Protective Order [DE-82]

Plaintiff moves the court to quash subpoenas and additionally moves for a protective order. [DE-82]. The court denies Plaintiff's motion to quash where, according to Defendant, the subpoenas at issue have yet to be served, [DE-84] at 2-3, and therefore, there is nothing to quash. *See e.g.*, *Barlow v. Dupree Logistics, LLC*, No. 1:14-BE-1808-E, 2015 WL 4646812, at *1 (N.D. Ala. Aug. 5, 2015) (denying motion to quash unserved non-party subpoenas finding "the appropriate vehicle for challenging the unserved subpoenas in question is the motion for protective order"); *Stewart v. Automotive Quality and Logistics, Inc.*, No. 2:17-cv-02153-JHE, 2018 WL 11337410, at *1 n.1 (N. D. Ala. Dec. 11, 2018) (same); *Friedman v. Bank of Jackson Hole*, No. 2:19-cv-01054-JAD-DJA, 2020 WL 2996072, at *1 (D. Nev. June 4, 2020) (considering challenges to served subpoenas as motion to quash and unserved subpoenas as motion for protective order). However, the court will consider Plaintiff's motion for a protective order.

Under the Federal Rules, "[a] party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Where a protective order is sought, the moving party bears the burden of establishing good cause. This burden requires more than stereotyped and conclusory statements, but rather the movant must present a particular and specific demonstration of fact as to why a protective order should issue." *Taekman v. Unum Life Ins. Co. of Am.*, No. 1:22-CV-605, 2023 WL 4763724, at *4 (M.D.N.C. July 26, 2023) (citation omitted); *Wagner v. Norcold, Inc.*, No. 5:23-CV-87-D, 2024 WL 4193855, at *9 (E.D.N.C. Sept. 13, 2024).

Plaintiff moves the court to preclude discovery via subpoena from his current and former employers. Plaintiff's objections to the subpoenas may be summarized as follows: the subpoenas

are retaliatory and designed to intimidate and harass Plaintiff rather than pursue legitimate discovery, [DE-82] at 1–2, 8; the discovery from Plaintiff's employment history is not relevant because defendant has admitted the position Plaintiff interviewed for was already filled therefore his qualifications are not relevant, *id.* at 1–2, 4–5, 6, 7, 9–10; discovery of Plaintiff's past and current employers risks irreparably harming Plaintiff's professional relationships and reputation, *id.* at 2, 7; medical records requests from Plaintiff's employers are invasive and seek irrelevant information, given that Plaintiff has already provided such information from his healthcare providers, *id.* at 3, 6; these records must be obtained from healthcare providers and Defendant's requests are an undue burden on Plaintiff and his employers, excessive, and intended to harass Plaintiff, *id.* at 6; employers are not custodians of medical records and any records regarding accommodations or leave are not relevant, *id.* at 5; and Defendant's discovery demands are disproportionate because Plaintiff's full-time employment with Cimetrics and past employment have no bearing on Plaintiff's claims of emotional distress caused by discriminatory and retaliatory actions of Defendant that prevented him from continuing art-time work, *id.* at 5, 10.

The court has already addressed these very same arguments in ruling on Defendant's motion to compel, *see supra*, and for the reasons previously stated, Plaintiff's motion for protective order is allowed as to his current employers and denied as to his former employers as follows: Defendant may serve its subpoenas on Plaintiff's former employers since July 2018, but as to current employers, Plaintiff will have the opportunity (1) to produce the responsive documents himself or (2) to provide a signed authorization for Defendant to obtain responsive documents. In the event Plaintiff fails to comply with his obligations under this order, Defendant may seek further appropriate relief.

### F. Defendant's Motion for Hearing [DE-128]

Defendant requested a hearing on all pending motions. The court in its discretion denies the motion. *See* Local Civil Rule 7.1(j).

### G. Conclusion

For the reasons stated above, Defendants' motion to compel, [DE-68], and Plaintiff's motion to compel and motion to quash or for a protective order, [DE-79, -82], are allowed in part and denied in part, and all other motions, [DE- 35, -64, -91, -114, -115, 127, -128], are denied; the deadline to complete all discovery is extended to **April 30, 2025**; the deadline for disclosure of expert witnesses and reports pursuant to Fed. R. Civ. P. 26(a)(2) is extended **May 21, 2025** for Plaintiff and **June 4, 2025**; and all potentially dispositive motions are due no later than **July 7, 2025**.

SO ORDERED, the 18th day of March, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge