IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-701-BO-RJ

| | |
|---|---|
| BHASKAR KOUKUNTLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| TOLL BROS., INC., ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 135]. Plaintiff has filed objections [DE 143] and the matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation is adopted in full.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant on December 7, 2023. [DE 1]. Plaintiff alleged that defendant Toll Brothers Real Estate Inc. (TBRE) violated Title VII of the Civil Rights Act, as amended, and the Age Discrimination in Employment Act when it failed to hire plaintiff for a position as an associate sales consultant. [DE 1-1]. Plaintiff alleged that, despite his qualifications, he was discriminated against by TBRE on the basis of his nationality, religion, color, and age. Plaintiff further alleged that he was not hired in retaliation for having previously complained to TBRE regarding his own experience with TBRE while it was building his home in 2017-2018. *Id.*

TBRE appeared and filed a motion to dismiss for lack of jurisdiction, arguing, among other things, that plaintiff had named the incorrect legal entity as the defendant. [DE 11]. Plaintiff sought

leave to amend his complaint [DE 15], which was granted. [DE 16]. In his amended complaint, plaintiff named Toll Bros., Inc. (Toll Bros. or defendant), as the sole defendant, and alleged the same claims for relief. [DE 17]. The motion to dismiss the original complaint was denied as moot. [DE 16]. Defendant answered the complaint, [DE 19], and a scheduling order was entered. [DE 25].

On October 31, 2024, plaintiff filed a motion for entry of default judgment against Toll Bros. [DE 59]. Plaintiff seeks entry of default judgment on all claims under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1985. Plaintiff argues that defendant has made misrepresentations and complicated this litigation, hindering plaintiff's right to a fair trial. *Id.* Plaintiff's motion is based, at least in part, on a declaration submitted by TBRE in support of its motion to dismiss the original complaint. The declaration of Nicole Feehely, [DE 12-1], states that Ms. Feehely is employed by Toll Bros., Inc., that plaintiff had applied for employment with Toll Bros., and that Toll Bros., not TBRE, made the decision to not hire plaintiff. *Id.* at ¶¶ 4-10. Plaintiff contends that, after extensive research, he has discovered that no entity named Toll Bros. exists in North Carolina and that such an entity lacks a real estate license in North Carolina. Plaintiff further contends that both Ms. Feehely and Jessica Arrington are listed as brokers for TBRE, which plaintiff submits confirms that TBRE is the hiring entity and that defendant made misrepresentations to the Court when it moved to dismiss TBRE as the improper defendant. At bottom, plaintiff argues that the defense has committed fraud upon the court and that this warrants entry of default judgment.

Defendant filed an omnibus response to several of plaintiff's motions. [DE 62]. Regarding the motion for default judgment, defendant contends that the motion is not founded in law or evidence and should be denied. *Id.* Plaintiff filed a supplemental brief in support of his motion for default judgment, [DE 70], in which plaintiff identifies additional actions by defendant which he

2

submits support entry of default judgment as a sanction. Plaintiff thereafter filed at least ten additional supplements in support of his motion for default judgment. [DE 76]; [DE 103]; [DE 105]; [DE 109], [DE 111]; [DE 113]; [DE 118]; [DE 121]; [DE 122]; [DE 125].

Plaintiff has also filed a motion seeking sanctions against defense counsel. [DE 85]. Plaintiff contends that defense counsel has committed fraud upon the court by filing two false affidavits, that defense counsel's actions constitute a conspiracy under 42 U.S.C. § 1985, and that defense counsel has issued retaliatory subpoenas that amount to an abuse of discovery. Plaintiff asks the Court to, *inter alia*, grant his motion for default judgment, to award damages to plaintiff, and to refer defense counsel to the State Bar and the United States Department of Justice for investigation. In response to this and plaintiff's numerous other filings, defendant filed a motion for prefiling injunction against plaintiff. [DE 89]. Magistrate Judge Jones denied the motion for prefiling injunction. [DE 135].

The memorandum and recommendation (M&R) recommends that plaintiff's motion for default judgment and motion for sanctions be denied. Plaintiff objects both to the M&R and the following orders entered by Magistrate Judge Jones: [DE 135 – DE 141]. [DE 143]. Plaintiff argues that Judge Jones failed to review eleven supplemental memoranda in support of default judgment due to fraud upon the court and otherwise failed to conduct a holistic review of all of the filings. Plaintiff additionally argues that the magistrate judge acted as an advocate for the defense, denied certain motions of plaintiff's which were unopposed and thus should have been deemed conceded, and failed to address plaintiff's claim for damages, which, in the absence of opposition, should have been awarded. Defendant has responded in opposition to plaintiff's objection. [DE 149].

3

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Additionally, "[i]n light of the broad discretion given to a magistrate judge in the resolution of

4

nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W.Va. 2014) (quotation and citation omitted).

The Court considers first the recommendation to deny plaintiff's motion for default judgment. Plaintiff objects to this recommendation by arguing that the magistrate judge failed to conduct a holistic review of all of filings, and that by doing so the magistrate judge overlooked key evidence and engaged in a piecemeal approach which led to an unjust outcome.

Plaintiff's motion for default judgment is based upon alleged fraud on the court by defendant, specifically regarding the declaration of Nicole Feehely and her employment by Toll Bros. rather than TBRE. [DE 59]. Fed. R. Civ. P. 11(c) provides authority for the entry of sanctions against a litigant who has violated its requirements, and whether to impose sanctions is committed to the discretion of the district court. *See Ost-W.-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998). "In the case of default, the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Additionally, dispositive orders entered on a court's inherent authority to regulate the litigants who come before it "must be entered with the greatest caution." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

Plaintiff's motion falls short of any showing which would support entry of default judgment against defendant as a sanction. As held by the magistrate judge, the motion itself is based on conclusory statements and speculation. But, even assuming, without deciding, that the magistrate judge did not consider the supplemental memoranda, and considering these *de novo*, plaintiff still fails to demonstrate sufficient evidence of any wrongdoing by defendant which would support entry of default judgment.

5

First, the Court would note that it "is not charged with combing through the record," to piece together a party's arguments, nor does plaintiff's *pro se* status relieve him of complying with the rules. *Waiters v. Hous. Auth. of Florence*, No. 4:21-CV-02527-JD-KDW, 2023 WL 2815320, at *6 (D.S.C. Jan. 30, 2023), *report and recommendation adopted,* No. 4:21-CV-02527-JD, 2023 WL 2569455 (D.S.C. Mar. 20, 2023). Plaintiff's supplements rely on defendant's alleged admission of a sham interview of plaintiff for the sales position, which was conducted after the job for which plaintiff had interviewed had been filled; deliberate actions by defense counsel intended to obstruct justice; plaintiff's proffered "misdeed tickers"; defense counsel's violation of professional and procedural rules; the false declaration of Edward Pease; weaponized discovery; and defense counsel's conflict of interest. But plaintiff's filings are based on conclusory statements of wrongdoing by the defendant and defense counsel that are unsupported and otherwise speculative. For example, plaintiff relies on his receipt of a letter from defense counsel notifying him of counsel's intent to seek attorney fees and costs under *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) and Fed. R. Civ. P. 11. [DE 105-1]. Plaintiff describes the contents of the letter as containing extrajudicial threats and defamatory statements. [DE 105]. Plaintiff's characterization of the letter is unfounded and baseless.

In sum, the Court has considered the relevant filings and plaintiff's objection to the magistrate judge's recomendation. On this record, the drastic sanction of entry of default judgment is not warranted. Plaintiff's objections to the M&R are overruled and the recommendation to deny the motion for entry of default judgment is adopted.

The magistrate judge also recommends that plaintiff's motion for sanctions [DE 85] be denied. In his motion for sanctions, plaintiff again argues that defendant is attempting to shield the entity of TBRE, that defendant has submitted false affidavits, and that defendant has issued

6

retaliatory subpoenas. In his objection to the recommendation, plaintiff again appears to argue that, in failing to recommend the entry of sanctions against defendant, the magistrate judge did not conduct a holistic review of the record and failed to consider relevant filings.

As discussed above, the imposition of sanctions lies within the Court's discretion. The Court has considered the record and finds no basis upon which to enter the relief sought by plaintiff in his motion for sanctions, which includes referral of defense counsel to the State Bar and the United States Department of Justice for investigation. Again, plaintiff speculatively argues that defendant and defense counsel have committed fraud upon the court and violated Rule 11 and that default judgment is the only remedy. Plaintiff has simply failed to support his arguments with sufficient evidence which would convince the Court that the harsh sanctions requested are required or appropriate. Plaintiff's objections to the magistrate judge's recommendation are overruled, and the recommendation to deny plaintiff's motion for sanctions is adopted.

As to all other orders by the magistrate judge to which plaintiff has objected, the Court considers whether there is clear error. The Court has carefully reviewed the decisions and finds none. Plaintiff's objections are overruled.

## CONCLUSION

Accordingly, for the foregoing reasons, the memorandum and recommendation at [DE 135] is ADOPTED and plaintiff's objections thereto are OVERRULED. Plaintiff's motion for entry of default judgment [DE 59] and motion for entry of sanctions [DE 85] are DENIED.

Plaintiff's objections to the orders entered by Magistrate Judge Jones at [DE 136]; [DE 137]; [DE 138]; [DE 139]; [DE 140]; [DE 141] are OVERRULED and the decisions of the magistrate judge are affirmed.

Plaintiff's motion to stay this case pending the Court's review of the M&R [DE 144] is

7

Case 5:23-cv-00701-BO-RJ    Document 183    Filed 06/02/25    Page 7 of 8

DENIED AS MOOT. Plaintiff's motion to expedite ruling on default judgment [DE 174] is also DENIED AS MOOT.

SO ORDERED, this __1__ day of June 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8