IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-701-BO-RJ

| | | |
|---|---|---|
| BHASKAR KOUKUNTLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TOLL BROS., INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion seeking recusal of United States Magistrate Judge Robert B. Jones, Jr., vacatur of his decisions, *de novo* review by the undersigned, and immediate stay of these proceedings. [DE 145]. Defendant has responded, [DE 149], and the motion is ripe for disposition.

DISCUSSION

The Court dispenses with a recitation of the factual and procedural background of this action, as the parties are well-familiar with these proceedings. Plaintiff, who proceeds in this action *pro se*, seeks recusal of Magistrate Judge Jones based upon alleged due process violations, judicial overreach and exceeding jurisdiction, arbitrary and capricious decision-making, violations of this Court's Local Civil Rules, bias in favor of defendants, false and misleading statements, failure to review supplemental documents, obstruction of justice, abdication of judicial duty, condoning criminal acts by defendant, ignoring fraud upon the court, overlooking witness tampering and extrajudicial threats, excusing procedural obstruction and discovery violations, and acting as an advocate for the defense.

28 U.S.C. § 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of the proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Id.* at 551; *see also Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011). "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality . . . ." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

At bottom, plaintiff disagrees with the decisions of the magistrate judge. Recusal is not required or appropriate because of disagreement with a judge's decisions. Additionally, plaintiff argues that Magistrate Judge Jones exceeded the scope of his authority when he denied a motion for entry of default judgment at [DE 70]. *See* 28 U.S.C. § 636. But [DE 70] is not a motion for default judgment nor was it "denied" by Magistrate Judge Jones. Plaintiff has identified no extrajudicial source of bias or prejudice, nor has he demonstrated that a person with knowledge of the circumstances would question Magistrate Judge Jones's impartiality. Plaintiff's request for recusal of Magistrate Judge Jones is without merit and denied.

The remaining relief requested in plaintiff's motion appears dependent upon a finding that Magistrate Judge Jones should be recused from this action. Plaintiff's request for vacatur Magistrate Judge Jones's decisions, *de novo* review by the undersigned, and immediate stay of these proceedings is therefore denied.[1]

---

[1] To the extent the Court would construe this motion as an appeal of the magistrate judge's decisions under Fed. R. Civ. P. 72(a) and Local Civil Rule 72.4(a), the Court has considered an appeal of the same in a separate order.

2

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for recusal of Magistrate Judge Jones [DE 145] is DENIED. Plaintiff's emergency motion to stay proceedings due to pending recusal motion [DE 153] is DENIED AS MOOT.

SO ORDERED, this ___ day of June 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE