IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-701-BO-RJ

| | |
|---|---|
| BHASKAR KOUKUNTLA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| TOLL BROS., INC., | )<br>) |
| Defendant. | ) |

This cause comes before the Court on multiple pending motions, including motions for sanctions, a motion for summary judgment, and a motion for attorney fees. The time for filing responses and replies has expired, and each of the motions is ripe for disposition.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant with claims arising from plaintiff's non-selection for a position as an associate sales consultant. In his amended complaint, plaintiff brings claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634. The Court incorporates by reference as if fully set forth herein its discussion of the procedural background of this matter provided in its prior orders entered June 2, 2025. [DE 183]; [DE 184].

Plaintiff appealed those orders, and his appeal was dismissed as interlocutory by opinion filed August 19, 2025. [DE 200]. Plaintiff was further warned by the court of appeals that continued vexatious filings in the circuit court would result in the imposition of sanctions and the possible entry of a prefiling injunction. *Id.* Mandate issued on September 10, 2025, and thus this

Court again has jurisdiction to decide all pending matters before it. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

Between October 2024 and July 2025, plaintiff filed approximately fifty-two motions with the Court, some of which requested several forms of relief. After Magistrate Judge Jones addressed numerous pending motions relating to discovery, plaintiff began to file motions arguing that Magistrate Judge Jones must be recused and had otherwise entered orders without proper authority. Plaintiff further took issue with the pace at which the Court has decided his motions and the substance of those rulings. While the Court proceeds below to address several of the pending motions, it would be remiss to fail to caution plaintiff that his participation in this case has far exceed that of an overzealous litigant. His filings have become harassing and vexatious, as has been recognized by the court of appeals. [DE 200]. They have further distracted from the merits of this litigation and drained the Court's and defendant's time and resources. *See, e.g.,* [DE 167-3]. Though the Court, in the exercise of its discretion, declines to grant defendant's motions for sanctions and entry of a prefiling injunction at this time, *see Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004), plaintiff is hereby warned that should he continue to litigate in this district utilizing the same manner and methods he has employed in this case, such conduct may result in the entry of both sanctions and a prefiling injunction.

## DISCUSSION

### A. Plaintiff's motion for ruling [DE 155], motion to strike order [DE 158], motions to vacate [DE 168]; [DE 181], and motion to stay [DE 169]

Plaintiff seeks relief under Fed. R. Civ. 60(d)(3) and Fed. R. Civ. P. 55(b)(2) as well as a stay of this action pending determination of this motion. [DE 168]; [DE 169]. Plaintiff's motion argues that there has been a collapse of judicial neutrality, extended judicial inaction, and retaliatory litigation tactics which threaten the integrity of this case. [DE 168]. Plaintiff seeks a

2

stay of this case pending a decision on the Rule 60(d)(3) motion, stating that he will not participate in discovery, briefing, or enforcement of the magistrate judge's decisions and that any continuation of this action would prejudice plaintiff and compound the structural defects of the case. [DE 169].

Rule 60(d)(3) provides plaintiff with no avenue of relief, as by its terms it applies to a judgment, and no judgment has been entered in this case. *See Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135-36 (4th Cir. 2014). Nor has plaintiff shown that default judgment against defendant is appropriate on any ground. Accordingly, plaintiff's Rule 60(d)(3) and Rule 55(b) motion to vacate and request for stay are denied.

Plaintiff also objects to Magistrate Judge Jones's order at [DE 150] which allowed in part and denied in part defendants' motion to compel, plaintiff's motion to compel, and plaintiff's motion to quash or for protective order and also extended the discovery and dispositive motion filing deadlines. Plaintiff has also moved to strike Magistrate Judge Jones's order at [DE 150]. Plaintiff contends that the order at [DE 150] demonstrates procedural bias, enforces prejudicial discovery obligations before ruling on dispositive motions, and contradicts prior rulings to the advantage of defendant. [DE 155] at 1. In his motion to strike [DE 150], plaintiff argues that Magistrate Judge Jones's order was void for violation of 28 U.S.C. § 455 and due process.

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that

3

a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Additionally, "[i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (quoting *Shoop v. Hott*, 2010 U.S. Dist. LEXIS 128740, 2010 WL 5067567, *2 (N.D.W. Va. Dec. 6, 2010)).

Plaintiff's attempts to demonstrate that Magistrate Judge Jones should be recused from this case have failed. [DE 184]. Plaintiff's other asserted bases for striking the order, including that it was entered after the close of discovery, are meritless. The motion [DE 158] to strike the order at [DE 150] is therefore denied.

Plaintiff has further failed to demonstrate that Magistrate Judge Jones's order at [DE 150] is either clearly erroneous or contrary to law. Plaintiff argues first that the magistrate judge's rulings in [DE 135]; [DE 140]; and [DE 150] are contradictory and have prejudiced plaintiff. Plaintiff's argument is focused on defendant's issuance of a subpoena to plaintiff's employer, Cimetrics. After the entry of the order at [DE 150], defendant notified the Court that it had already served a subpoena on plaintiff's employer in light of Magistrate Judge Jones's order at [DE 135], but it would take no further action on the subpoena in light of Magistrate Judge Jones's order at [DE 150], which permitted plaintiff an opportunity to produce the requested information voluntarily rather than through a subpoena. [DE 151]. Magistrate Judge Jones addressed this issue, recognizing "the inconsistency created by the timing of the orders addressing the subpoenas." [DE 152] at 2. Defendant was further ordered to continue to stay any further action on the subpoena served on plaintiff's current employer. *Id*. At bottom, contrary to plaintiff's arguments, Magistrate Judge Jones conducted careful review of plaintiff's voluminous findings and endeavored to resolve

4

the discovery disputes before him. Plaintiff's objections to the order at [DE 150] are overruled and his motion to strike the order is denied. Plaintiff's motion for ruling is denied as moot. In sum, each of the foregoing motions is denied.

### B. Defendant's motion for summary judgment [DE 191], plaintiff's opposition and motion to strike [DE 195], and defendant's motion for attorney fees [DE 197].

As it is the only pending motion addressing the merits of plaintiff's claims, the Court considers next defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

At the outset, the Court recognizes that plaintiff's refusal to engage in discovery and the delay of the discovery process, generally, impacts the summary judgment record before the Court. However, plaintiff has responded to the motion for summary judgment[1] and filed numerous documents in support of his opposition. Accordingly, the Court considers the motion for summary judgment.

In his amended complaint, plaintiff alleges a claim under Title VII and a claim under the ADEA based on defendant's failure to hire plaintiff as an associate sales consultant in July 2023.[2] Defendant is a luxury home builder that operates nationwide. [DE 195-5]. The position at issue in this case was for an associate sales consultant for one of defendant's new luxury home communities in Morrisville, North Carolina. *Id.* Plaintiff alleges that he was discriminated against on the bases of his race, Asian-Indian; his color, Brown; his religion, Hindu; and his national origin, India. Plaintiff was born in 1971 and was fifty-one years old when defendant declined to hire him for the associate sales consultant position. *See* [DE 193-9]. Plaintiff alleges that he was a highly qualified, accomplished, and licensed individual and that he was not offered the job based on his race, nationality, color, religion, and age as well as in retaliation for having complained to management for hardships faced during the construction of his own home in 2017-2018. [DE 17] at 2.

---

[1] Plaintiff received notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). [DE 194].

[2] Plaintiff's amended complaint also cites to N.C. Gen. Stat. § 143-422.3, part of North Carolina's Equal Employment Practices Act (NCEEPA), but plaintiff does not appear to bring a claim under NCEEPA. *See also Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000)("Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA.").

Plaintiff applied for the position in question by completing an application on June 5, 2023. [DE 195-4]. The following day, plaintiff emailed Ted Pease, a Division President with defendant, informing Pease that he had completed an application and would appreciate assistance getting an interview for the position. [DE 193-6]. Pease responded to plaintiff the following day, and informed plaintiff that there could be a conflict of interest present because plaintiff was currently building a home with defendant in Texas; Pease further stated that defendant intended to fill the position with a long-term employee, and it appeared plaintiff would be moving to Texas following the completion of his new home. [DE 193-7]. Plaintiff informed Pease that he intended to stay in North Carolina for the foreseeable future. [DE 195-7]. To avoid any apparent conflict of interest, Pease asked Pat Vanderslice to be the point person on plaintiff's application. Pease noted to Vanderslice that plaintiff may not be qualified for the position if he did not have new home sales experience. Pease informed plaintiff that he would be recusing himself from the recruiting process. [DE 193-8].

According to plaintiff's evidence, he had a telephone interview with Vanderslice on June 20, 2023, and an in-person interview with Nicole Feehely on June 27, 2023. [DE 195-12]; [DE 195-13]. On June 28, 2023, a different candidate was offered a sales assistant position. [DE 195-16]. On July 14, 2023, plaintiff was informed by email that the position had been offered to another candidate. [DE 195-18]. According to emails submitted by plaintiff, plaintiff had been ranked second to the candidate who received the job offer following plaintiff's telephone interview, but he nonetheless received an in-person interview. [DE 195-20]. Plaintiff's interviewer, Feehely, thought plaintiff would make a great asset and that they should pursue him further once there was another opening. [DE 195-23]. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on September 7, 2023. [DE 193-9]. In his EEOC

7

charge, plaintiff complained that he was not hired for an assistant sales manager position despite his extensive qualifications and experience because defendant had hired someone else for the position. *Id.* Plaintiff did apply for another position with defendant on November 20, 2023. [DE 195-19]. Plaintiff filed this action on December 7, 2023, after receiving his right to sue notice on September 8, 2023. [DE 1]; [DE 193-9].

As plaintiff has no direct evidence of discrimination, he must proceed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "In order to establish a prima facie of failure to hire in violation of Title VII or the ADEA, a plaintiff must show that: (1) he belonged to a protected class; (2) he applied for a specific position; (3) he was qualified for the position; and, (4) the employer rejected him for that position under circumstances giving rise to an inference of illegal discrimination." *Soliman v. Worldwide Language Res., Inc.*, No. 5:16-CV-748-D, 2016 U.S. Dist. LEXIS 179549, at *7 (E.D.N.C. Dec. 29, 2016).

Plaintiff has satisfied the first two elements of his prima facie case. Even assuming, without deciding, that he has satisfied the third element, there is no evidence in the record which would support an inference of illegal discrimination. Plaintiff argues that defendant's emails show that the other candidate was selected on June 22, 2023, prior to plaintiff's in-person interview, and that the other candidate was not as qualified as plaintiff for the position because she did not have a North Carolina real estate license. *See* [DE 195-22]; [DE 195-11]; [DE 195] at 4. Nothing in plaintiff's evidence, however, supports an inference that defendant's actions were taken either because of plaintiff's age or based on his race, nationality, color, or religion. The evidence supports that, after plaintiff's telephone interview, he was ranked second to the candidate who was ultimately selected. That plaintiff was interviewed in person following the decision to hire the

other candidate is of no moment; indeed, plaintiff's evidence demonstrates that his interview went well and that defendant would consider him for future openings. [DE 195-23]. There is nothing in the record which would support that plaintiff's lower ranking was based on any impermissible ground. "The *sine qua non* of discrimination cases . . . is that the offending conduct is based on a protected characteristic. In other words, without some connective thread between the alleged mistreatment and the protected status, there is no actionable claim for discrimination." *Gough v. Rock Creek Sports Club*, No. CV PJM 19-3533, 2021 WL 795447, at *2 (D. Md. Mar. 2, 2021). Moreover, that plaintiff believes he was the better qualified candidate is not relevant. *See Henry v. Vaughn Indus., LLC*, 450 F. Supp. 3d 671, 680 (E.D.N.C. 2020).

Nor has plaintiff created a genuine issue of material fact as to pretext. Plaintiff argues that he was better qualified than the selected candidate in that he has a North Carolina real estate license and the selected candidate did not, and that defendant's proffered reasons for not hiring plaintiff – that plaintiff did not have experience selling new homes for a national home builder, the fact that plaintiff's resume only went back to 2018, his interview performance, and his potential for long-term commitment – fail in the face of the record evidence. "A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006).

First, a real estate license was not necessarily a required qualification for the position. [DE 195-24]. Second, there can be no dispute that plaintiff's resume only covered his employment experience beginning in 2018. [DE 193-5]. While there may be some dispute regarding plaintiff's interview performance and whether plaintiff was able to make a long-term commitment to defendant if hired, these disputes are not material. "Once an employer has provided a non-

9

Case 5:23-cv-00701-BO-RJ    Document 203    Filed 11/06/25    Page 9 of 14

discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News, Va.*, 451 F.3d 311, 315 (4th Cir. 2006). In addition, to demonstrate pretext, a plaintiff must ultimately prove "*both* that the reason was false, *and* that discrimination was the real reason for the challenged conduct." *Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 378 (4th Cir. 1995) (internal quotation and citation omitted). Plaintiff has failed to proffer any evidence which creates a genuine issue of material fact as to whether the real reason he was not selected was discrimination.

In sum, even when viewing the facts in the light most favorable to plaintiff, plaintiff has failed to create a genuine issue of material fact as to pretext. He has further failed to establish a prima facie case of discriminatory failure to hire. Plaintiff's own belief that he was the better qualified candidate and that he otherwise should have been selected are simply insufficient to withstand defendant's motion for summary judgment.

Nor has plaintiff created a genuine issue of material fact as to his claim for retaliation. A plaintiff proceeding on a claim for retaliation in violation of Title VII or the ADEA must be able to ultimately prove that (1) that he engaged in protected activity; (2) that the employer took an adverse employment action against him; and (3) that there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015); *Cole v. Family Dollar Stores of Md., Inc.*, 811 F. App'x 168, 172 n.1 (4th Cir. 2020). Protected activity means activity which opposes any practice that is made unlawful under either the ADEA or Title VII. *Connelly v. Guilford Cty. Sch.*, No. 1:24cv492, 2025 U.S. Dist. LEXIS 28986, at *19 (M.D.N.C. Feb. 19, 2025).

The protected activity identified by plaintiff in his amended complaint are his complaints regarding his prior new home build by defendant. Plaintiff's allegations do not support an inference that any of these complaints were made in opposition to any practice made unlawful by Title VII or the ADEA. Defendant is entitled to summary judgment on plaintiff's retaliation claim.

Finally, plaintiff appears to attempt to add claims or grounds for relief in his opposition to the motion for summary judgment, including a claim under 42 U.S.C. § 1981 and additional grounds for retaliation. But it is clear that a party may not amend his pleading through his opposition to the motion for summary judgment. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017); *Neal v. Sandhills Ctr.*, 737 F. Supp. 3d 291, 296 (M.D.N.C. 2024). Nor can plaintiff proceed with a claim of conspiracy against a corporation and its employees. *Iglesias v. Wolford*, 539 F. Supp. 2d 831, 835 (E.D.N.C. 2008).

The motion for summary judgment is therefore granted. Plaintiff's motion to strike the motion for summary judgment is denied. The Court, in the exercise of its discretion, denies defendant's motion for attorney fees pursuant to 42 U.S.C. § 2000e-5(k). *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) ("a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").

## C. Defendant's motion for Rule 37 sanctions and dismissal [DE 164]

Defendant seeks sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, including dismissal of plaintiff's amended complaint. In the alternative to granting defendant's motion for summary judgment, the Court determines that dismissal of the amended complaint as a discovery sanction is appropriate.

A court may order sanctions under Rule 37 if a party fails to appear for a deposition, Fed. R. Civ. P. 37(d)(1)(A)(i), a party fails to respond to properly served interrogatories, Fed. R. Civ. P. 37(d)(1)(A)(ii), or a party fails to obey a court's order to provide discovery, Fed. R. Civ. P. 37(b)(2)(A). Rule 37 then provides a list of seven possible sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."). Prior to dismissing an action under Rule 37, a court must consider (1) whether there has been bad faith on the part of the non-complying party, (2) the amount of prejudice the non-compliance has caused the other party, (3) the need for deterrence of this sort of non-compliance, and (4) whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). A district court enjoys wide discretion in determining whether to issue sanctions under Rule 37. *See, e.g., S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003).

Here, plaintiff has failed to respond to discovery as required by, at a minimum, the order at [DE 150], has refused to meet and confer with defense counsel as ordered by [DE 150], has failed to appear for a duly noticed deposition, and has failed to otherwise sit for a deposition. *See Johnson v. N. Carolina Dep't of Just.*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at *3 (E.D.N.C. Nov. 7, 2018) (Rules "do not allow a party to decide unilaterally that they will not attend a properly noticed deposition."). *See also* [DE 165-2] – [DE 165-11].

The Court discerns bad faith on the part of plaintiff. Since discovery disputes have arisen in this case, plaintiff has inundated defendant and the Court with motions, many of which were or are duplicative or seek similar relief. *See also* [DE 152] at 1. Though plaintiff proceeds in this

action *pro se*, his *pro se* status does not excuse him from the duty to comply with this Court's orders and the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Nor is plaintiff permitted to cease participating in discovery based on his perceived injustices in the case. Plaintiff's unilateral decision to stop participating in discovery was unjustified and not in conformance with the rules. *See* [DE 163-7].

Defendant has been prejudiced by plaintiff's refusal to participate in discovery. A "defendant is entitled to pursue discovery to ascertain whether there is merit to the claims." *Allen v. One Stop Staffing, LLC*, No. CV ELH-19-2859, 2021 WL 5416530, at *5 (D. Md. Nov. 19, 2021). Despite repeated attempts and court orders, plaintiff has prevented defendant from receiving needed discovery, which amounts to substantial prejudice. *Doggett v. City of Hyattsville, Md.*, No. CIV.A. TDC-13-3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014).

"There is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery." *Id.*, at *4. Plaintiff's practice of filing a flurry of motions directed at defendant, defense counsel, and the Court, is in need of deterrence. Finally, the Court finds that any sanction less drastic than dismissal will be ineffective. Plaintiff has refused to follow prior orders of the Court and, based on his conduct in this case, there is no reason to suspect that plaintiff will comply with the rules and orders of the Court if given additional opportunities to participate in discovery. Accordingly, the Court deems dismissal with prejudice the appropriate sanction for plaintiff's conduct in this case.

## C. Remaining motions

In light of the foregoing, all other pending motions in this case are denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motions at [DE 155], [DE 158], [DE 168], [DE 169], and [DE 181] are DENIED and his objections are OVERRULED. Defendant's motion for summary judgment [DE 191] is GRANTED and plaintiff's motion to strike [DE 195] is DENIED. Defendant's motion for attorney fees [DE 197] is DENIED. In the alternative to entry of summary judgment in defendant's favor, dismissal of plaintiff's amended complaint with prejudice is appropriate as a discovery sanction. Accordingly, defendant's motion for Rule 37 sanctions and dismissal [DE 164] is GRANTED. All other pending motions, [DE 147], [DE 148], [DE 160], [DE 162], [DE 166], [DE 179], are DENIED AS MOOT.

The clerk is DIRECTED to enter judgment in favor of defendant and close the case.

SO ORDERED, this 5 day of November 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE